■　　HOLLISTER G. ARGERSINGER, Respondent-Appellant, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 46039.) — GREENBLOTT, J. Cross appeals from a judgment in favor of claimant, entered February 2, 1968, upon a decision of the Court of Claims for the appropriation of claimant's lands in Saratoga County. Claimant was awarded $19,062 plus interest for the taking of 1.688 acres of land for highway purposes. Claimant's property, consisting of an unworked farm and residence, was divided into four parts by Route 146, running north and south, the Alplaus-Riverview Road, running east and west, and Main Street, which ran diagonally from Route 146 south toward Rexford. The State took strips of land along each side of Route 146, plus a permanent easement for drainage. In the course of the subsequent improvement of Route 146, the Main Street section was closed and rerouted to a right-angle intersection with the State highway. The entire property was zoned Agricultural-Residential A, requiring a minimum lot size of 30,000 square feet. The parties concede, and the trial court found, that the highest and best use before the taking was for residential building lots. The claimant's expert testified to a before value of $120,000, an after value of $86,800, leaving total damages of $33,200, consisting of $13,600 direct damages and $19,600 consequential damage. The State's expert testified to a before value of $92,100, an after value of $84,750, leaving total damages of $7,350—$6,750 direct and $600 consequential damage. The court found a before value of $103,822, an after value of $85,266, with

damages assessed at $19,062, comprised of direct damage of $10,986 and consequential damage of $8,077. The State contends that there was no range of expert testimony, because the opinions expressed by claimant's expert were based on sales of improved residential properties, rather than of comparable vacant land. The record does not support this contention. The comparable sales offered by claimant included sales of vacant land and of residential properties possessing excess acreage suitable for sale as residential lots. Proper explanation was made to reflect the differences between the comparables and the subject property. (See *Kastelic v. State of New York*, 29 A D 2d 803.) The court's finding of damages for the taking of this property was well within the range of testimony as to value thereof. If a total award, as well as its various components, is within the range of expert testimony, it should be upset only if the trial court committed legal error (*A. E. Ottaviano, Inc., v. State of New York*, 26 A D 2d 844). The State contends that such error was committed by the trial court in awarding claimant as direct damages the value of the frontage appropriated along the east side of Route 146. The State argues that what was really taken was rear acreage, as the claimant still had the same amount of frontage after the taking as before. However, this ignores the fact that the State constructed a concrete ditch on the land taken, depriving the adjacent property of direct access to the roadway. While alternate access was furnished at one point by means of a driveway, without direct access, the land could not be marketed as residential building lots. (See *Barmann v. State of New York*, 28 A D 2d 938.) Mere circuity of access does not constitute the basis for the award of damages, but if the access is unsuitable, compensability follows (*Priestly v. State of New York*, 23 N Y 2d 152). What is "unsuitable" is a factual question related directly to the highest and best use of the property. The award of damages was proper since the limited access remaining changed the highest and best use of the adjacent property from residential to agricultural. The claimant has cross-appealed from the denial of consequential damages for the loss of direct access to Main Street which was closed. Implicit in the trial court's decision is the finding that the remaining access was not unsuitable, but merely circuitous. The record discloses that only a portion of Main Street was closed, leaving alternate access to Alplaus Road and the rerouted Main Street. Since there was no finding as to unsuitability, and no change in the highest and best use of that portion of the property, the award, in this respect, must be affirmed. Judgement affirmed, with costs. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Greenblott, JJ., concur in memorandum by Greenblott, J.