(May 21, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. G. F. STEEDMAN HINCKLEY, on Behalf of G. F. STEEDMAN HINCKLEY, JR., Appellant, v. JUDITH G. HINCKLEY, Respondent.— Order entered June 7, 1968, appealed from, and so much of order entered December 12, 1969, as is appealed from herein, affirmed, without costs and without disbursements. The order entered June 7, 1968, directed payment of $850 to respondent to defend the appeal taken by petitioner from an order of Sarafite, J., entered March 14, 1968, which, *inter alia*, dismissed a writ of habeas corpus, continued custody of an infant child of the parties in respondent, and allowed respondent a counsel fee of $8,500. The order entered December 12, 1969 confirmed the report of a Special Referee finding certain disbursements incurred in the printing of a brief and appendix on appeal reasonable, and directed entry of a money judgment therefor in the sum of $1,613.38. On the appeal from the judgment entered March 14, 1968, this court, by decision (31 A D 2d 740) released January 28, 1969, modified that portion of the judgment awarding custody and remanded for further hearings with reference to any possible changed circumstance with respect to the home life of the parties. We observed that in our opinion "the counsel fee [of $8,500] is more than ample to cover *the further proceeding* directed herein" (emphasis supplied). No further hearings were held. As so modified the judgment was otherwise affirmed, without costs. No reference was made to disbursements. While disbursements may be taxed when costs are allowed, disbursements may also be taxed when the party is not awarded costs should the court so decide (CPLR 8301, subds. [a], [c]). It should be noted that the order of June 7, 1968, allowing a counsel fee of $850 to defend the appeal was not then before us, nor was the later order of December 12, 1969, covering the printing expense, presented for our consideration. Certainly petitioner was aware that he would be responsible for reasonable disbursements incurred in printing the respondent's brief on appeal, because the order of June 7, 1968 so provided. Additionally, since petitioner elected to proceed by the appendix method, he was subject to the provisions of CPLR 5528 with its benefits and obligations. This was a vigorously contested matter. Since the welfare of the child was of paramount concern, it was advisable that this court be as fully informed as reasonably possible in order to determine what might be in the best interests of the infant. The Referee considered the testimony included by respondent pertinent to the issues and we agree. Nor did our observation with

reference to the counsel fee preclude or invalidate the $850 allowed to defend the appeal. We concluded the fee allowed was ample to cover the *further proceeding* envisaged. The orders are affirmed. Concur — Stevens, P. J., McGivern and Tilzer, JJ.; McNally, J., dissents in the following memorandum: In this custody proceeding, I would reverse both orders and deny both applications. The order of June 6, 1968 awarded to respondent-respondent a counsel fee of $850 and "reasonable disbursements incurred in the printing of her brief on appeal". The order of December 12, 1969 directs judgment for $1,613.38 against petitioner-appellant representing the cost of printing the brief and appendix of the respondent-respondent relative to the appeal in this Court from the judgment in the habeas corpus proceeding. (*People ex rel. Hinckley* v. *Hinckley,* 31 A D 2d 740.) The total printing bill of the respondent-respondent was $1,698.69 of which less than $200 represented the cost of printing her brief. On the appeal from the order dismissing the proceeding, the proceeding was remanded to establish "changed circumstances with respect to the home life of the parties" consequent on the marriage of the respondent-respondent following the judgment appealed from. Our determination of the appeal was "without costs to either party." (*Hinckley, supra.*) The judgment for printing expenses is precluded by our determination of the principal appeal without costs. Printing disbursements are an incident of the award of costs. (CPLR 8301.) In the absence of a specific award for disbursements, respondent-respondent is not entitled to disbursements because she was not awarded costs (CPLR 8301, subd. [c]). The determination of this court denying costs to the parties conclusively establishes the printing disbursements of respondent-respondent are not reasonable within the meaning of the order of June 6, 1968 providing for "reasonable disbursements incurred in the printing of her brief". Moreover, on the prior appeal (*Hinckley, supra*) this court said with reference to the counsel fee of $8,500 for proceedings to and including the trial: "This court observes that in its opinion the counsel fee allowed is more than ample to cover the further proceeding directed herein." It now appears said further proceeding will not be had. Implicit in the prior holding was the finding that the trial fee was excessive. In the circumstances the award of an additional counsel fee of $850 for the prior appeal fails to give effect to the excessiveness of the trial fee.