■ In the Matter of the Final Accounting of WILLIAM B. KRAEMER, as Receiver of Thruway Outdoor Theatre Corp., Respondent. SYLVIA SANDFIELD, on Behalf of Herself and All Other Stockholders Similarly Situated, Respondent; THRUWAY OUTDOOR THEATRE CORP., Appellant.—Appeal from an order of the Supreme Court at Special Term, entered May 14, 1973 in Fulton County, which, *inter alia,* allowed attorney's fees in the sum of $2,625 and disbursements of $679.19 and conditioned the payment of the balance of the moneys held by the receiver upon the execution and delivery of a release by the defendants. The receiver's attorneys, in a cross petition filed in response to an order to show cause brought on by the corporate defendant's attorneys, requested compensation for legal services rendered from January, 1972 until April, 1973. The services were performed pursuant to agreements with the receiver which were approved by court orders. Additionally, the law firm requested payment of disbursements made while performing the requisite legal services. After a hearing, Special Term ordered the payment of the amounts requested. The corporation appeals, claiming that there is no entitlement to disbursements since the affirmance by the Appellate Division

in Appeal No. 19026 (40 AD2d 1053), involved in the litigation, was "without costs"; that the allowances for services were excessive and that the services were rendered, not for the receiver, but for the plaintiff stockholder. The record indicates that over 105 hours were expended on this litigation by the law firm between January, 1972 and April, 1973. Special Term allowed $25 per hour for these services. Appellant has not demonstrated that the award was improper, excessive or that the hours were padded or otherwise improper. Likewise, nothing in the record supports the claim that these services, which involved, among other matters, the handling of two appeals through the Court of Appeals, were rendered on behalf of Sylvia Sandfield, the plaintiff in the stockholder action. Appellant argues that Special Term has no power to award disbursements when this court disposes of an appeal, without costs, and without specifically granting or denying disbursements. We agree. In this department, when an appeal is disposed of "without costs" this means that the prevailing party is not entitled to either his costs or disbursements in perfecting the appeal. Consequently, Special Term retains no power and discretion to award disbursements in such cases. (See, generally, *Kay v Kay,* 51 AD2d 575; 22 NYCRR 670.1 [n]; contra *People ex rel. Hinckley v Hinckley,* 34 AD2d 774; *Estrow v Wilson,* 30 AD2d 646; *Wood v Wood,* 23 AD2d 838.) Further, we find no impropriety in the order conditioning the payment of the remaining moneys held by the receiver upon the delivery to him of an executed release and discharge by the defendants. Order modified, on the law and the facts, by striking so much thereof as awards respondent the disbursements which he incurred on the appeal in No. 19026, and, as so modified, affirmed, without costs. Mahoney, P. J., Kane, Staley, Jr., Larkin and Mikoll, JJ. concur.