■ In the Matter of CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, Respondent-Appellant, v ROBERT Z. SROGI, as Commissioner of Assessment of the City of Syracuse, Appellant-Respondent. — Judgment and order unanimously modified and, as modified, affirmed, with costs to petitioner, in accordance with the following memorandum: In this tax certiorari proceeding, both parties appeal from a judgment and order which reduced the assessments on property at 455-465 South Salina Street in the City of Syracuse for the tax years 1977, 1978, 1979 and 1980, and awarded petitioner a money judgment in the amount of excess taxes paid for those years. ¶ Petitioner's appraiser utilized both the market data and economic methods, and testified that he gave equal weight to each. In his market data approach, he employed several sales, including that of the subject property in 1980 for $200,000, to arrive at a value of $191,900 for all years involved. Using the economic method, he found a value of $209,117. He concluded that the full market value for all years in question was $200,000. ¶ The referee, whose report was confirmed by the order appealed from, opted to employ the economic method and, using a slightly higher value for per square foot of ground floor area and a lower capitalization rate than did petitioner, found the value for each of these tax years to be $251,972. Without explanation and without basis in the record, the referee then raised the market value to $275,000 for each year. This was error. Market values cannot be established arbitrarily (*Matter of Rice v Srogi*, 70 AD2d 764). ¶ Petitioner further argues that the referee erred in not adopting the $200,000 sale price of the subject property as the sole measure of full market value (see *Plaza Hotel Assoc. v Wellington Assoc.*, 37 NY2d 273). We disagree. In presenting its proof to the referee, petitioner did not urge that approach and it is inappropriate for petitioner now to claim that the referee erred in adopting a method which it recommended. ¶ Nor is there merit to petitioner's claim that it is entitled to an additional allowance under subdivision 2 of section 722 of the Real Property Tax Law on the basis that the assessment was raised without adequate cause after a court determination of the assessment for the year 1970. Such relief was not sought from the referee or the trial court and should not be requested for the first time on appeal (cf. *Matter of McCrory Corp. v Srogi*, 101 AD2d 696). ¶ We also reject respondent's argument that the economic method employed by petitioner and adopted by the referee was defective because income for this two-story building was computed on the basis of ground floor area only. Petitioner's comparables were other multistory buildings, each of which was leased in its entirety. Petitioner's appraiser ascribed the total rental derived from each comparable to its ground floor area. That method did not unduly distort income potential, particularly where, as here, the proof demonstrates that upper floors of other retail buildings in the area were underutilized or not utilized. ¶ We conclude, therefore, that the full market value of the property for all years in dispute was $251,972, rounded to $252,000. For assessment purposes, $110,000 is allocated to land. On application of the equalization rates agreed upon, the order and judgment are modified to reflect assessments as follows: 1977, $96,440; 1978, $93,341; 1979, $84,496; 1980, $77,616, and to increase accordingly the amount awarded to petitioner for excess taxes paid for those years. (Appeals from order and judgment of Supreme Court, Onondaga County, Tenney, J. — Real Property

Tax Law, art 7.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.