ILDE A. SOTO et al., Appellants, v ELISIO MONTANEZ et al., Defendants, and GREYHOUND FOOD MANAGEMENT, INC., Respondent. (Appeal No. 2.) [608 NYS2d 37] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs' notice of appeal states that this appeal is taken from the jury verdict and various rulings of the trial court. No appeal lies from a verdict or trial rulings *(see, Matter of Bello,* 101 AD2d 861; *see generally,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5512:1). We exercise our discretion to disregard the misstatement in the notice of appeal *(see,* CPLR 5520 [c]) and we deem the appeal to have been taken from the judgment *(see, Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

None of the alleged errors in the court's evidentiary rulings warrants reversal. The principal issue at trial was whether plaintiffs were injured by the loss of their means of support *(see, Soto v Montanez,* 173 AD2d 90). Evidence that plaintiffs received public assistance payments was relevant to demonstrate that such payments were the source of plaintiffs' support, rather than voluntary payments from decedents, as plaintiffs had alleged. Further, that evidence was relevant to show that decedents' voluntary payments were intended for the support of the children, not plaintiffs, and thus that plaintiffs were not injured in their means of support.

The trial court did not abuse its discretion in refusing to permit plaintiffs' expert economist to testify regarding the method he employed in arriving at his conclusion concerning the present value of plaintiffs' alleged loss of future wages. Ordinarily, testimony concerning the method of calculation would be relevant in establishing the probative value of the expert's conclusion. In this case, however, neither the expert's value conclusion nor the method of calculation was disputed, and thus plaintiffs were not prejudiced by the court's ruling.

Plaintiff Soto did not object to the admission of documents relating to a welfare fraud investigation upon the ground that such evidence was offered solely for impeachment on a collateral issue, the contention now advanced on appeal. Thus, that

contention has not been preserved for appellate review *(see,* CPLR 5501 [a] [3]; *Gunnarson v State of New York,* 95 AD2d 797, 798).

Finally, we conclude that the jury's verdict is not contrary to the weight of the evidence *(see, Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976-977, *lv denied* 68 NY2d 608). (Appeal from Judgment of Supreme Court, Erie County, Joslin, J. —Loss of Support.) Present—Denman, P. J., Green, Balio, Lawton and Boehm, JJ.