In the Matter of MARIE KREBS, Appellant, v BOARD OF ASSESSORS et al., Respondents. [639 NYS2d 446]

We disagree with the petitioner's contention that the trial court erred, as a matter of law, by not accepting the lease for a portion of the subject property as evidence of its value. The value of land and of improvements thereto should be determined, for tax purposes, as a finding of fact (see, Matter of Shubert Org. v Tax Commn., 60 NY2d 93, 97). It is well settled that comparable sales are the most accurate standard for property valuation, but in the absence of sufficiently reliable market data, alternative methods may be employed (see, Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356; Matter of Merrick Holding Corp. v Board of Assessors, 45 NY2d 538, 542; Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, 202 AD2d 32, 36; Matter of Anitec Image Corp. v Assessor of City of Binghamton, 109 AD2d 962, 963; Matter of Katz v Assessor of Vil./ Town of Mount Kisco, 82 AD2d 654, 658). " 'The suitability of comparable sales, absent legal error * * * is a matter for resolution by the trial court' " (Matter of Phelps Dodge Indus. v Kondzielaski, 131 AD2d 675, 678; see also, Matter of 511 Equities Corp. v Town of E. Hampton, 214 AD2d 565; Matter of City of Rochester v BSF Realty, 59 AD2d 1035). Moreover, if the total award, as well as its various components, is within the range of the expert testimony, it should only be upset if the trial court committed legal error (Argersinger v State of New York, 32 AD2d 708). In the instant case, the expert appraisers for both parties relied primarily on the market data approach. The petitioner's expert used the income approach only as support for the market data approach and the Board's expert used both the market approach and the income approach but did not rely on the latter because of the insufficiency and unreliability of the available data. Moreover, the determination of the trial court fell well within the assessed values urged by the respective parties and the court fully explained its determination, addressing the adjustments to the comparable sales applied by the parties' appraisers—the ·

property's narrow apex and the abutting Long Island Rail Road line—and discussed the zoning of the property. Accordingly, the trial court's determination was properly explained, within the range of the values urged by the parties' experts and is supported by the evidence in the record.

We have considered the petitioner's remaining contentions and find them to be without merit. Rosenblatt, J. P., Miller, Ritter and Sullivan, JJ., concur.