■ In the Matter of CALDOR, INC., Respondent, v BOARD OF ASSESSORS et al., Appellants. [642 NYS2d 69] —In a tax certiorari proceeding pursuant to Real Property Tax Law article 7, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Rossetti, J.), entered March 2, 1995, which, after a nonjury trial, reduced the petitioner's real property tax assessment for the tax year 1993/1994.

Ordered that the order and judgment is affirmed, with costs.

It is well settled that evidence of comparable sales is the preferred measure of a property's value for the purposes of assessment valuation (see, Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356; Matter of Long Is. Light. Co. v Assessor for Town of Brookhaven, 202 AD2d 32, 36). Absent legal error, the suitability of comparable sales is a matter for resolution by the trial court (see, Matter of Phelps Dodge Indus. v Kondzielaski, 131 AD2d 675, 678). Moreover, if the assessed valuation, as well as its various components, is within the range of the expert testimony presented by the parties, it should only be upset if the court committed legal error (see, Matter of Krebs v Board of Assessors, 225 AD2d 625; Argersinger v State of New York, 32 AD2d 708).

Here, because the evidence supports the reliability of the comparable sales proffered by both parties, the Supreme Court properly relied on this data in valuing the subject property. Moreover, the court's determination fell within the assessed values urged by the respective parties and the court fully explained its determination, addressing the adjustments to the comparable sales applied by the parties' appraisers and its reasoning for deducting asbestos removal and demolition costs.

The appellants' contention that the court erred as a matter of law in rejecting its alternate valuation method is without merit (see, Matter of Krebs v Board of Assessors, supra). Ritter, J. P., Pizzuto, Santucci and Krausman, JJ., concur.