■ In the Matter of ALEXANDER'S DEPARTMENT STORE OF VALLEY STREAM, INC., Respondent-Appellant, v BOARD OF ASSESSORS et al., Appellants-Respondents. [642 NYS2d 940] —In consolidated proceedings pursuant to Real Property Tax Law article 7 to review assessments for purposes of taxation on certain real property for the tax years 1986/87 to 1992/93, the Board of Assessors and Board of Assessment Review of the County of Nassau appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Rossetti, J.), entered March 23, 1995, which, *inter alia,* reduced the petitioner's tax assessments for each of the tax years in question. The petitioner cross-appeals, *inter alia,* from the same order and judgment on the ground of the inadequacy of the assessment reductions.

Ordered that the order and judgment is affirmed, without costs or disbursements.

The taxable status of real property is based upon the condition and ownership of the property as it exists on the relevant tax status date (*see,* RPTL 302 [1]; *Matter of Estate of Goldman v Commissioner of Fin.,* 203 AD2d 20, 21; *Spiegel v Board of Assessors,* 161 AD2d 627, 629; *Matter of Addis Co. v Srogi,* 79 AD2d 856, 857). Valuation for assessment purposes is based on market value, which is " 'the amount which one desiring but not compelled to purchase will pay under ordinary conditions to [one] * * * who desires but is not compelled to sell' " (*Grant Co. v Srogi,* 52 NY2d 496, 510; *see also, Matter of Commerce*

*Holding Corp. v Board of Assessors,* 216 AD2d 466; *Matter of Northville Indus. Corp. v Board of Assessors,* 143 AD2d 135, 138). The burden of proof is upon the taxpayer to establish, by substantial evidence, that the property was overvalued for taxation purposes (*see, Matter of Barnum v Srogi,* 54 NY2d 896; *cf., Matter of Cohen & Breslin Realty v Board of Assessors,* 200 AD2d 744). Thus, if the proof demonstrated that there was no market for a multi-story property, there would be no requirement that a unit rental value be assigned to all floors of that property (*see, e.g., Matter of Connecticut Mut. Life Ins. Co. v Srogi,* 101 AD2d 698; *Grant Co. v Srogi,* 71 AD2d 457, 463, *affd in part, revd in part* 52 NY2d 496, *supra; cf., McCrory Corp. v Gingold,* 52 AD2d 23).

We find, contrary to the County's contentions, that the trial court correctly determined that the "evidence on this issue preponderated in petitioner's favor". The testimony of all the witnesses established that there was no market, on any of the taxable status dates for a 330,000 square-foot, free-standing, multi-story department store. The conclusion of the petitioner's appraiser that only the first two floors of the building had any market value was adequately supported and uncontroverted.

The County's argument that the unit rental values should be applied to all floors of the premises because all of the floors were, in fact, being used by the petitioner is without merit. Where, as here, it has been demonstrated that the upper floors have no market value, actual usage is not probative of the value of the entire premises (*see, Grant Co. v Srogi, supra; McCrory Corp. v Gingold, supra,* at 29). Moreover, the evidence demonstrated that during the tax years in question, the petitioner's rent obligation under the original lease with S & E Realty Company was for less than $5 per square foot, which the trial court noted was well below the range of unit rental rates to which the parties had stipulated, i.e., $11 to $14 per square foot. This was a major factor in the petitioner's ability to use all four floors of the building.

Accordingly, the trial court's conclusion that the market value for the subject building could be most closely approximated by looking at the gross rental values, excluding the upper two floors, in light of the retail market existing at the time, was supported by the evidence in the record.

The petitioner's contention, on cross appeal, that the trial court erred in selecting a lower figure than its expert's for the cost of asbestos removal is without merit. The value of land and of improvements thereto should be determined, for tax purposes, as a finding of fact (*see, Matter of Shubert Org. v Tax*

*Commn.,* 60 NY2d 93, 97). Moreover, if the total award, as well as its various components, is within the range of the expert testimony, it should only be upset if the trial court committed legal error *(see, Matter of Krebs v Board of Assessors,* 225 AD2d 625; *Argersinger v State of New York,* 32 AD2d 708). In the instant case, the petitioner's expert estimated the asbestos removal cost at $7,125,000 for each tax year under review, while the County's expert indicated that the final cost of asbestos removal (after adjustment to reflect increased quantities found by the petitioner's expert) ranged from $4,982,550 to $3,224,003 for the tax years under review. Thus, the trial court's determination of asbestos removal costs of $5,000,000 for each tax year fell well within the removal costs urged by the respective parties and the court fully explained its determination, addressing the insufficiencies of the estimates of both the County's and the petitioner's experts and the court's own consideration of "all the material evidence".

Accordingly, the trial court's determination was properly explained, within the range of the values urged by the parties' experts, and is supported by the evidence in the record *(see, Matter of Krebs v Board of Assessors, supra).*

We further find that the trial court properly refused to grant the petitioner an additional allowance pursuant to RPTL 722 (2).

We have considered the parties' remaining contentions and find them to be without merit. O'Brien, J. P., Santucci, Joy and Florio, JJ., concur.