■ In the Matter of JOHN F. HOMIN et al., Respondents, v LESLIE COOK, as Assessor, et al., Appellants. [658 NYS2d 76] —In a proceeding pursuant to Real Property Tax Law article 7 to review a real property tax assessment for the 1993 tax year, the Assessor of the Town of New Windsor and the Board of Assessment Review of the Town of New Windsor appeal from an order and judgment (one paper) of the Supreme Court, Orange County (Palella, J.), entered April 15, 1996, which reduced the assessment.

Ordered that the order and judgment is affirmed, with costs, and it is further,

Ordered that on the Court's own motion John F. Homin and Frances M. Homin, as personal representative of the estate of John V. Neuner, deceased, are substituted as parties petitioner in place and stead of John V. Neuner; and it is further,

Ordered that the caption of the proceeding is amended accordingly.

The Supreme Court's determination as to the appropriate assessment for the tax year in question was supported by the evidence, was fully explained by the court, and was not the product of any legal error. The court's determination should therefore not be disturbed (see, Matter of Krebs v Board of Assessors, 225 AD2d 625; Matter of Dollar Dry Dock Sav. Bank v Board of Assessors, 166 AD2d 648).

The appellants assert that the Supreme Court improvidently exercised its discretion when it permitted the introduction of evidence concerning appraisals of the subject property for the tax years immediately prior to and subsequent to the tax year at issue. We disagree. The appellants opened the door to admission of such evidence when, during cross-examination, they repeatedly questioned the petitioners' appraiser concerning various aspects of those two tax years (see, People v Melendez, 55 NY2d 445, 451; Prince, Richardson on Evidence § 6-501, at 435 [Farrell 11th ed]).

The appellants' remaining contentions are without merit (see, Matter of Great E. Mall v Condon, 36 NY2d 544, 548; Welch Foods v Town of Westfield, 222 AD2d 1053, 1054). Miller, J. P., Ritter, Joy and Krausman, JJ., concur. [As amended by unpublished order entered June 17, 1997.]