■ 10 PARK SQUARE ASSOCIATES, INC., Appellant, v THE TRAVELERS (THE TRAVELERS INSURANCE COMPANIES), Defendant-Respondent. PARK SQUARE INN, LTD., Appellant, v THE TRAVELERS (THE TRAVELERS INSURANCE COMPANIES), Respondent. (Appeal No. 1.) [668 NYS2d 109] —Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: When plaintiffs sought damages from defendant for a fire loss, defendant alleged among its affirmative defenses that plaintiffs or their agents set the fire and that plaintiffs willfully made false and fraudulent statements on their sworn proofs of loss. The jury did not find that plaintiffs were responsible for setting the fire but determined that defendant established by clear and convincing proof that plaintiffs willfully made false and fraudulent statements on their sworn proofs of loss, thus voiding coverage under the policy. In light of its findings, the jury never reached the issues of damages or whether defendant established two additional affirmative defenses: that plaintiffs willfully concealed the circumstances surrounding the cause and origin of the fire, or that plaintiffs committed material fraud by knowingly overstating the value of the property in their claim in order to defraud defendant.

Supreme Court denied plaintiffs' motion to set aside the verdict as inconsistent and against the weight of the evidence. By failing to object to the jury verdict on grounds of inconsistency before the jury was discharged, plaintiffs failed to preserve for our review their contention that the verdict is inconsistent (see, Reynolds v Burghezi, 227 AD2d 941, 943).

From our review of the record, we conclude, however, that the determination that defendant proved by clear and convincing evidence that plaintiffs made false and fraudulent statements on the sworn proofs of loss concerning the value of their property damage is against the weight of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 498-499). Defendant offered no expert testimony or direct proof in support of that affirmative defense but relied exclusively on the testimony of plaintiffs and their witnesses on cross-examination. Because the verdict does not fairly reflect the evidence, a new trial on that issue is required (*see, Cohen v Hallmark Cards, supra,* at 498). A new trial is also granted on the issues that the jury did not reach in the first trial.

There is no merit to the contentions that plaintiff 10 Park Square Associates, Inc. (Associates), was entitled to recover the replacement cost of the structure, or that the court erred in dismissing the loss of rental claim of Associates. (Appeal from Judgment of Supreme Court, Erie County, Griffith, J.—Misrepresentation.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.