■ In the Matter of MIRIAM OSBORN MEMORIAL HOME ASSOCIATION, Respondent, v ASSESSOR OF THE CITY OF RYE et al., Appellants. [713 NYS2d 201] —In a proceeding pursuant to Real Property Tax Law article 7, inter alia, to strike a real property tax assessment from the assessment rolls of the City of Rye for the 1996 tax year, the appeals are from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Palella, J.), entered August 20, 1999, as granted that branch of the petitioner's motion which was for summary judgment on its second cause of action, adjudged the petitioner's real property exempt from taxation for the 1996 tax year, and denied the appellants' respective cross motions for summary judgment dismissing the petition.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The petitioner, Miriam Osborn Memorial Home Association, is a not-for-profit organization which, for the past 90 years, has provided housing for the elderly in a facility situated on land in the City of Rye. For much of that time, the subject property was exempt from real property taxes. However, beginning with the 1996 tax year, the appellants revoked that exemption as a result of a renovation project which modernized and expanded the petitioner's facilities. The expansion included an independent living residence called Sterling Park. The appellants contend that although certificates of occupancy for the Sterling Park addition were not issued until after May 1, 1996, the date for determining the property's tax status for the 1996 tax year, and residents did not move into that facility until later that year, the property was no longer being used exclusively for charitable purposes on that date.

Although the appellant Board of Assessment Review of the City of Rye partially restored the exemption, the petitioner commenced this proceeding, contending, inter alia, that it is entitled to a full mandatory exemption from real property taxes

for the 1996 tax year. According to the petitioner, its legal use of the subject property remained unchanged since it did not have certificates of occupancy for the Sterling Park addition as of May 1, 1996, and thus, continued to use the subject property exclusively for charitable purposes pursuant to RPTL 420-a (1) (a).

The petitioner moved for summary judgment and the Supreme Court granted the motion to the extent of awarding summary judgment on the petitioner's second cause of action to revoke the tax assessment and denying the motion as to the remaining causes of action as academic. The Supreme Court found that the condition of the subject property as of May 1, 1996, remained the same as in the prior assessment year to the extent that there had not been any change in the legal use of the property and, thus, there was no basis for disturbing the exemption. We agree.

Under RPTL 302 (1), "[t]he taxable status of real property in cities and towns shall be determined annually * * * according to its condition and ownership as of [May 1 of that year]" (see also, Matter of Alexander's Dept. Store v Board of Assessors, 227 AD2d 549), and " 'may not be assessed on the basis of some future contemplated use' " (Matter of Ross v Town of Santa Clara, 266 AD2d 678, 680; see also, Matter of Addis Co. v Srogi, 79 AD2d 856).

Here, as of May 1, 1996, the subject property had newly-constructed buildings situated on it and, at all relevant times, those buildings were vacant and unusable because certificates of occupancy had not yet been issued. Therefore, contrary to the appellants' contentions, as of May 1, 1996, the condition of the subject property had not changed to such an extent that the petitioner was no longer entitled to its exemption for the 1996 tax year. Accordingly, the Supreme Court properly granted that branch of the petitioner's motion which was for summary judgment on its second cause of action. Santucci, J. P., S. Miller, Florio and McGinity, JJ., concur.