■ 10 Park Square Associates, Inc., Appellant-Respondent, et al., Plaintiff, v The Travelers (The Travelers Insurance Companies), Respondent-Appellant. (Appeal No. 1.) [732 NYS2d 920] —Appeal and cross appeal unanimously dismissed without costs (see, CPLR 5501 [a] [1]). (Appeals from Order of Supreme Court, Erie County, Fahey, J.—Costs.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.

■ 10 Park Square Associates, Inc., Appellant, v The Travelers (The Travelers Insurance Companies), Respondent. (Appeal No. 2.) [732 NYS2d 305] —Judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for the actual cash value of the building only unless plaintiff, within 20 days of

service of a copy of the order of this Court with notice of entry, stipulates to accept $71,000 in damages for the actual cash value of the building, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: In March 1989 a fire destroyed property owned by 10 Park Square Associates, Inc. (plaintiff), which commenced this action after defendant insurer denied its claim for damages arising from the loss. We reversed the judgment following the first trial (*10 Park Sq. Assocs. v The Travelers*, 244 AD2d 870) and a second trial was held. The jury concluded that defendant had failed to prove its affirmative defenses that plaintiff's president had engaged in fraud or willfully made false statements in his examination under oath or the sworn proof of loss. The jury thereafter awarded plaintiff $13,700 for the cost of demolition of the building and debris removal but awarded no damages for the loss of the building and its fixtures and contents. Plaintiff's motion to set aside the verdict and for a new trial on damages was denied. Plaintiff moved and defendant cross-moved for costs; Supreme Court awarded costs to plaintiff and ordered that interest be computed from October 3, 1989. Thereafter, judgment was entered awarding plaintiff $30,444.85. Plaintiff appeals and defendant cross appeals from the order (appeal No. 1).

We reject defendant's contention that we lack jurisdiction to hear plaintiff's appeal from the judgment (appeal No. 2). Although plaintiff's notice of appeal states that the appeal is taken from the jury verdict, and "[n]o appeal lies from a verdict" (*Soto v Montanez*, 201 AD2d 876), we exercise our discretion to disregard the inaccurate description in the notice of appeal (*see*, CPLR 5520 [c]) and deem the appeal to have been taken from the judgment (*see, Soto v Montanez, supra*).

We reject the contention of plaintiff that it was entitled to costs associated with the first appeal. Where, as here, "an appeal is disposed of 'without costs,' " the trial court on remittal retains no power or discretion to award costs or disbursements related to the appeal (*Matter of Kraemer*, 63 AD2d 1037, 1038; *see, Kay v Kay*, 51 AD2d 575). The court did not abuse its discretion in awarding costs to plaintiff upon the retrial because plaintiff was "[t]he party in whose favor a judgment [was] entered" (CPLR 8101). Plaintiff's contention that the court erred in failing to discharge a mortgage held by defendant on the property is not properly before us because it is based on material dehors the record (*see, Matter of Acme Bus Corp. v Board of Educ.*, 91 NY2d 51, 56, n; *Interstate Window Cleaning Co. v Morse Diesel*, 89 AD2d 820).

Contrary to defendant's contention, the court properly set October 3, 1989 as the date from which interest would accrue. Pursuant to CPLR 5001 (b), "[i]nterest shall be computed from the earliest ascertainable date the cause of action existed" (*see, Brushton-Moira Cent. School Dist. v Thomas Assocs.*, 91 NY2d 256, 262). Under the terms of the policy, plaintiff was entitled to payment within 60 days after submission of a sworn proof of loss. The sworn proof of loss was submitted on August 3, 1989, and thus the earliest ascertainable date that the cause of action existed was October 3, 1989 (*cf., Medical Facilities v Pryke*, 95 AD2d 692, 693, *affd* 62 NY2d 716). Defendant failed to meet its heavy burden of establishing that plaintiff's alleged failure to cooperate in the investigation was a " 'willful and avowed obstruction' " (*Utica Mut. Ins. Co. v Gruzlewski* [appeal No. 2], 217 AD2d 903, quoting *State Farm Fire & Cas. Co. v Imeri*, 182 AD2d 683). Therefore, that alleged failure to cooperate has no effect on plaintiff's cause of action.

We reject plaintiff's contention that the verdict is inconsistent. "[A]n inconsistency exists only when a verdict on one claim necessarily negates an element of another cause of action" (*Barry v Manglass*, 55 NY2d 803, 805, *rearg denied* 55 NY2d 1039). The jury's finding that defendant failed to establish by clear and convincing evidence that plaintiff's president engaged in fraud or willfully made false statements with respect to the value of the building and its contents is not inconsistent with the jury's further finding that plaintiff failed to prove by a preponderance of the evidence that the building and its contents had any monetary value.

We conclude, however, that the failure to award any damages for the building is against the weight of the evidence. Contrary to defendant's contention, plaintiff did not attempt to establish its entitlement to judgment without placing affirmative proof before the trier of fact (*cf., 10 Park Sq. Assocs. v The Travelers, supra*). Valuation of property by a trier of fact that is within the range of expert testimony generally will be upheld on appeal (*see, e.g., Matter of 495 Cent. Ave. Corp. v Town of Greenburgh*, 237 AD2d 606; *Matter of Caldor, Inc. v Board of Assessors*, 227 AD2d 400; *S.A.B. Enters. v Village of Athens*, 195 AD2d 642, 645), and a trier of fact is expected to consider all the evidence. Here, plaintiff's experts testified that the building had an actual cash value of approximately $360,000 and its contents had an actual cash value of approximately $49,000. Defendant's appraiser testified that the building and the land were worth approximately $80,000 on the day of the fire, with approximately $9,000 representing the value of the

land itself. That evidence constituted an admission that the building was worth at least $71,000 (*see, Matter of South Slope Holding Corp. v Comstock,* 280 AD2d 883, 885), and thus, it was "obvious that plaintiff did, in fact, sustain damages" with respect to the building itself (*Soho Generation v Tri-City Ins. Brokers,* 256 AD2d 229, 232), and there is no fair interpretation of the evidence to support the jury's finding that the building was worthless (*see generally, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Cohen v Hallmark Cards,* 45 NY2d 493, 498-499; *Petrovski v Fornes,* 125 AD2d 972, 973, *lv denied* 69 NY2d 608).

With respect to the building's fixtures and contents, however, the only evidence of value was offered by plaintiff. Plaintiff's sole witness with respect to contents, a contents estimator for a fire adjustment company, acknowledged on cross-examination that all of his information concerning the building's contents came from plaintiff's president and sole shareholder and admitted that he had no clear recollection at trial of his conversations with that person, and he made no independent investigation to determine the existence or condition of any of the claimed items before the fire. Thus, the jury's failure to award any damages for the fixtures and contents of the building is not against the weight of the evidence.

We therefore modify the judgment by vacating the award of no damages for the actual cash value of the building, and we grant a new trial on damages for the actual cash value of the building only unless plaintiff, within 20 days of service of a copy of the order of this Court with notice of entry, stipulates to accept $71,000 in damages for the actual cash value of the building. (Appeal from Judgment of Supreme Court, Erie County, Fahey, J.—Damages.) Present—Pigott, Jr., P. J., Pine, Wisner, Burns and Lawton, JJ.