[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON POST-VERDICT MOTIONS
In this subrogation case the jury has rendered a verdict against the defendant product seller Teledyne Laars in the amount of $103,000 subject to a reduction for comparative responsibility of 55% and a verdict against the defendant Connecticut Natural Gas Corporation for negligence in the amount of $175,000 with percentage of the plaintiff's fault of 45%.
There are three outstanding post-verdict motions. The first is a motion to set aside the verdict filed by the defendants claiming that the jury incorrectly concluded against the evidence that the Phoenix Insurance Company was entitled to damages.[1]
The defendants point to the evidence of one Richard Sweeney who identified himself as an executive of the Travelers Insurance Co. and also the documentation of the payments to the insured in the name of the Travelers. They claim that there was no evidence from which the jury could have found that the Phoenix was the appropriate recipient of damages.
On the other hand the complaint was initially brought by the Travelers Property Casualty Company, but on May 7, 2002, the plaintiff was changed to "the Phoenix Insurance Company, the subsidiary of Travelers Property Casualty." The allegation as in the fourth and fifth complaints continue to use "Phoenix" and "Travelers" interchangeably. At trial the court indicated to the jury in the preliminary charge that the Travelers and Phoenix would be used alternately. "It's just a technical corporate decision." (Transcript, January 7, 2003.) There was no objection as to this statement. The parties in their opening statements used both the term "Phoenix" and the term "Travelers" to describe the plaintiff. The plaintiff's attorney, when questioning Dr. Dansky (the insured), asked him if he knew that he represented the Phoenix and also asked Dansky if he had made an insurance claim. (Transcript, January 7, 2003.) In the jury charge the court indicated that the Phoenix was the plaintiff and allowed CT Page 2564 the jury to decide based upon the evidence whether it had a policy of insurance with Dansky and had paid damages under it.
Under these circumstances, the motion to set aside the verdict is denied. The plaintiff had a constitutional right to have the issues, not rejected on a technicality, but decided by the fair-minded finders of fact. Murray v. Taylor, 65 Conn. App. 300, 324 (2001). See also Sandellav. Dick Corporation, Superior Court, judicial district of New Haven, Docket No. CV 92 0335582 (July 24, 1997, Hodgson, J.), where the court similarly denied a motion to set aside a verdict. One defendant claimed that another defendant was an incorrectly named defendant for indemnity purposes. The court denied the motion as the jury could have concluded that the defendant found liable had a name which was a shortened version of the supposed "correct" defendant. As here, there was an evidentiary admission in the pleadings and a deliberate effort not to clarify the situation of the names used during the taking of evidence.
The second motion has been made by the plaintiff claiming that there should be an additur or a new trial as to damages. It claims that Sweeney showed that it paid out $403,000 to its insured and therefore the jury could only find damages against each defendant in this amount. The plaintiff further argues that there was a jury interrogatory making a finding of causation and therefore it could not logically find different amounts against each defendant or an amount less than $403,000.
When a plaintiff sues in subrogation for a pretrial fire loss, the measure of damages is not necessarily the dollar amount paid out by the insurance company. See Waples-Platter Co. v. Commercial Standard Ins.Co., 294 S.W.2d 375, 376 (Tex. 1956):
The measure of damages in this case is not the amount paid by respondents [the fire insurance company] to Mr. Willis, but the reasonable cash market value of the property at the time it was destroyed by the fire or if not totally destroyed, the difference between the reasonable cash market values of the property immediately before and immediately after it was damaged.
See also Travelers Indemnity Co. v. Moore, 201 S.W.2d 7, 12 (Ky.App. 1947) ("Only issue . . . for determination in this case is the extent of such damages to the insured's automobile as may be proven on the trial of the case, without reference to the amount plaintiff [insurance company] paid the insured in settlement thereof"); Hartford Ins. Co. v. Jiminez, 814 S.2.2d 551 (Tex.App. 1991) (plaintiff insured had burden to prove amount damages and what plaintiff Hartford paid out under its policy is not evidence of reasonable market value); 19 Couchon Insurance § CT Page 2565 223:86 (fire insurance subrogation same rule); Appleman's Insurance Law
§ 4103, at 388 (insurer's payment does not automatically determine amount for which defendant is liable).
More generally the award of damages in a products liability case is identical to that in any other tort case (here there was both a product liability case and a case based on negligence). See Seibel v. SymousCorp. , 221 N.W.2d 50, 58 (1974). Such matters are "peculiarly within the province of the jury."[2]
In 10 Park Square Associates v. The Travelers, 732 N.Y.S.2d 305
(App.Div. 2001), the insured contended that Travelers had improperly denied its claim for a fire loss. The jury found no value for the destroyed building, but the Appellate Division allowed an additur because "there is no fair interpretation of the evidence to support the jury's finding that the building was worthless . . ." Id. at 308. "Contrary to defendant's contention, plaintiff did not attempt to establish its entitlement to judgment without placing affirmative proof before the trier of fact." Id.
In a case with similar issues and witnesses to the one here, WilsonCourt, Inc. v. Teledyne Laars, 747 S.W.2d 239 (Mo.App. 1988), the appellate court stated that elements of damage might be submitted, "if the evidence . . . is sufficiently definite and certain so the jury can make a reasonable estimation of the loss without resorting to speculation." See also White Consolidate Industry v. Swiney, 376 S.E.2d 283 (Va. 1989) (fire caused by electric stove; lack of proof of value of goods lost before fire).
In this case the witness Sweeney testified that the loss on the house was drawn from the value set by the insured's home restoration service as the cost of repair[3] and the personal property and rental figures were drawn from the claims as submitted by the insured.
Also in evidence for the jury's consideration was the report of the West Hartford assistant fire chief. (Exhibit 24.) He described the Dansky house as having suffered "significant structural damage in an area of the main floor level in the kitchen. The area occupied by the kitchen sink and counter space was burned through the floor to the basement. The hole in the floor was approximately four feet by six feet in size . . . The basement level exterior wall on the North side of the building was burned through to the exterior." Finally the jury had numerous photographs of the scene, as well as testimony from witnesses on the extent of the damages caused by the fire. CT Page 2566
The jury was told in the jury charge that it was "for you in the exercise of your best judgment to say what is fair, just and reasonable. There is no fixed rule that you can apply. You have to apply sound common sense in reaching the amount of your verdict . . . The burden of proving what these . . . losses were and their extent, of course, rests on the plaintiff by a preponderance of the evidence . . . It is not the defendants' burden to disprove any of the damages of the plaintiff."
In light of this charge, which was not objected to,[4] the court cannot find that the jury exceeded its authority in reaching its verdict. It correctly evaluated the evidence as presented to arrive at the actual damages due from each defendant.
The plaintiff argues that the jury inconsistently concluded that Teledyne Laars was liable in the amount of $103,000 and CNG in the amount of $175,000. Here again the charge to the jury covers this point: "In this manner you are to consider the two defendants as being in two separate cases, necessitating two separate verdicts and, possibly, two separate damages awards."
Finally the jury's responses to the interrogatories do not call for remediation by the court. Question 2, page 1 found that the plaintiff paid Dr. Dansky for his losses, but as indicated, this is not automatically determinative of damages. Question 4, page 4 found Teledyne a legal cause and question 2, page 7 found CNG a legal cause of the losses. At the same time question 5 as to Teledyne (at page 5) and question 4 (at page 8) as to CNG require the jury to determine an amount
of damages against each defendant.
In light of the above, the court rejects the plaintiff's further contention that the jury reached a compromise verdict. Thus the court need not consider the defendants' motion for remittitur which essentially rebuts this compromise verdict theory.
The court therefore denies each pending motion. There was sufficient evidence "on which the jury might reasonably have reached its conclusion." (Internal quotation marks omitted.) Kurti v. Becker,54 Conn. App. 335, 337 (1999).
So ordered.
Henry S. Cohn