■ 10 PARK SQUARE ASSOCIATES, INC., Respondent, et al., Plaintiff, v THE TRAVELERS, Appellant. (Appeal No. 1.) [755 NYS2d 909] —Appeal from an order of Supreme Court, Erie County (Fahey, J.), entered May 6, 2002, which denied defendant's motion seeking a determination of the issue "whether interest and offsets should be applied to the stipulated amount of $71,000 for the actual cash value of the building" and reinstated the modified judgment entered April 2, 2002.

■ 10 PARK SQUARE ASSOCIATES, INC., Respondent, et al., Plaintiff, v THE TRAVELERS, Appellant. (Appeal No. 2.) [757 NYS2d 394] —Appeal from a modified judgment of Supreme Court, Erie County (Fahey, J.), entered April 2, 2002, which modified the judgment entered August 11, 2000, and awarded judgment in favor of plaintiff 10 Park Square Associates, Inc. and in the amount of $190,351.19.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating that part awarding plaintiff 10 Park Square Associates, Inc. $71,000 for the actual cash value of the building with interest and as modified the modified judgment is affirmed without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: 10 Park Square Associates, Inc. (plaintiff) commenced this action seeking to recover damages under an insurance policy issued by defendant for a building destroyed by fire in March 1989. We reversed the judgment entered following the first jury trial and granted a new trial (*10 Park Sq. Assoc. v The Travelers*, 244 AD2d 870 [1997]). On the appeal from the judgment entered following the second jury trial, we determined that the testimony of defendant's expert constituted an admission that the building was worth at least $71,000 (*10 Park Sq. Assoc. v The Travelers* [appeal No. 2], 288 AD2d 828, 830-831 [2001]). We therefore modified the judgment by vacating the award of no damages for the actual cash value of the building and granted a new trial on damages for the actual cash value of the building only, unless plaintiff stipulated to accept $71,000 in damages for the actual cash value of the building (*id.* at 831). Plaintiff, by its attorney, executed a stipulation to accept $71,000 "in damages for the actual cash value of the building."

A disagreement thereafter arose whether that amount was subject to an offset for the amount paid by defendant to the mortgagee pursuant to a mortgagee clause in the insurance policy. Defendant moved for reargument/clarification of our order modifying the judgment following the second jury trial and, by order entered February 1, 2002, we denied the "[m]otion for reargument."

At a conference with the attorneys for plaintiff and defendant on March 15, 2002, Supreme Court declined to rule on the issue of the offset in the absence of a formal motion. Plaintiff nevertheless filed a modified judgment on April 2, 2002 that included a provision awarding plaintiff "$71,000 for the actual cash value of the building" with interest on that amount. By order to show cause, defendant sought a determination of the issue "whether interest and offsets should be applied to the stipulated amount of $71,000 for the actual cash value of the building." The order to show cause also vacated the modified judgment "without prejudice to plaintiff's right to re-file pending resolution of the [underlying] motion" and restrained plaintiff from enforcing the modified judgment pending a determination of the motion.

The court thereafter denied the motion and reinstated the modified judgment on the ground that defendant had raised the issue of an offset in seeking reargument with respect to our prior order. The court stated that it could only assume that our order denying reargument was based on a determination of this Court that all issues raised in seeking reargument lacked merit, and the court concluded that it could not revisit issues previously decided by this Court. Defendant appeals from both the order denying its motion with respect to the issue of interest and offsets and the modified judgment that was reinstated following the denial of that motion.

We agree with defendant that the court erred in denying its motion. Contrary to plaintiff's contention, the court did not lack jurisdiction to vacate the modified judgment. No court had authorized the entry of judgment. We had modified the judgment and ordered a new trial on damages for the actual cash value of the building unless plaintiff stipulated to accept $71,000 in damages for that actual cash value. We had not granted judgment, and neither had Supreme Court.

Contrary to plaintiff's further contention, our order denying reargument was not a decision on the merits of the offset issue, and the law of the case doctrine does not apply with respect to that issue (*see Mulder v Donaldson, Lufkin & Jenrette*, 224 AD2d 125, 131 [1996]). The offset was not at issue in the ap-

peal from the judgment following the second jury trial and, indeed, is not even mentioned in the record on that appeal. Inasmuch as the jury found no actual cash value for the building, there was no award against which to offset the mortgage payment. "[T]his [C]ourt is bound by the certified record on appeal and does not consider matters * * * which are not properly contained in the record" (*Interstate Window Cleaning Co. v Morse Diesel*, 89 AD2d 820, 820 [1982]; *see also Matter of Acme Bus Corp. v Board of Educ. of Roosevelt Union Free School Dist.*, 91 NY2d 51, 56 n [1997]).

With respect to the merits of the offset issue, we conclude that defendant, "having made payment to the mortgagee pursuant to the terms of the underlying insurance policy, is entitled to have its liability to plaintiff[ ] * * * reduced by the amount thus paid" (*Krupp v Aetna Life & Cas. Co.*, 104 AD2d 857, 858 [1984]; *see Grady v Utica Mut. Ins. Co.*, 69 AD2d 668, 673-674 [1979]). Our order in the appeal from the judgment following the second jury trial and plaintiff's stipulation to accept $71,000 in damages for the actual cash value of the building did not establish the amount to be awarded in a judgment. A jury's verdict or, in this case, an additur accepted by the parties, determines the amount of damages before application of offsets and credits. Thus, the award of damages in the amount of $71,000 for the actual cash value of the building is subject to any appropriate offsets, including the amount paid to the mortgagee.

Finally, we reject the contention of plaintiff that it is entitled to set aside the stipulation and instead opt for a new trial in the event that we grant defendant's motion. Having failed to show the existence of any ground sufficient to invalidate a contract, plaintiff is not entitled to relief from the stipulation (*see Hallock v State of New York*, 64 NY2d 224, 230 [1984]).

We therefore reverse the order in appeal No. 1 and grant defendant's motion. We modify the modified judgment in appeal No. 2 by vacating that part awarding plaintiff $71,000 for the actual cash value of the building with interest, and we remit the matter to Supreme Court, Erie County, to determine the amount due after any offsets, upon which amount plaintiff is entitled to interest (*see Capizzi v Security Mut. Ins. Co.* [appeal No. 2], 254 AD2d 783, 784 [1998]). Present—Green, J.P., Pine, Hurlbutt and Lawton, JJ.