■ In the Matter of RICHMOND COUNTY COUNTRY CLUB, Appellant, v TAX COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [862 NYS2d 560]—

In a proceeding pursuant to Real Property Tax Law article 7 to review a determination of the Tax Commission of the City of New York dated March 21, 2006, denying the petitioner's application to reclassify two parcels of property, the petitioner appeals from an order of the Supreme Court, Kings County (Pesce, J.), dated July 18, 2007, which granted the respondents' motion for summary judgment dismissing the petition.

Ordered that the order is affirmed, with costs.

The petitioner, a country club located in Richmond County, commenced this proceeding to review a determination of the Tax Commission of the City of New York which denied its application to reclassify two parcels of its property from tax class four to tax class one, as defined by RPTL 1802 (1). The Supreme Court granted the respondents' motion for summary judgment dismissing the petition and the petitioner appeals, contending that the two parcels of property qualify for classification as tax class one, since they are parcels of vacant land zoned residential.

Tax class one includes real property constituting vacant land outside Manhattan "provided that any such vacant land which is *not* zoned residential must be situated immediately adjacent to property improved with a residential structure . . . [and] owned by the same owner as such immediately adjacent residential property" (RPTL 1802 [1] [emphasis added]). Since it is undisputed that the parcels at issue in this case are zoned residential, we reject the respondents' argument that even if they qualified as vacant land, they would not qualify as tax class one because they are not adjacent to parcels improved with residential structures which share a common owner.

We reject the petitioner's contention that the respondents are bound by an admission made by counsel that one of the parcels should be reclassified as tax class one. The record does not support a finding that the statement in a letter from the respondents' attorney to the petitioner's attorney was intended as an admission (*see Matter of O'Brien v Assessor of Town of Mamaroneck,* 20 NY2d 587, 594 [1967]). Rather, it appears that the statement in the letter was an offer of settlement, which is inadmissible (*see* CPLR 4547).

Resolution of this case turns on whether the parcels at issue are vacant land within the meaning of RPTL 1802. It is undisputed that one of the parcels is improved with tennis courts and a 1,145.3 square foot building, used by a manage-

ment company hired by the petitioner and also used for storage, and the other parcel is improved with tennis courts. Since the parcels are being put to use in a manner which is materially beneficial to the petitioner and its members (*see De Lisa v Amica Mut. Ins. Co.,* 59 AD2d 380 [1977]), we agree with the Supreme Court that they are not parcels of vacant land, so as to qualify for designation as tax class one real property. Rivera, J.P., Fisher, Lifson and Dillon, JJ., concur.