In the Matter of BALDWIN YACHT BASIN, INC., et al., Appellants, v BOARD OF ASSESSORS et al., Respondents. [932 NYS2d 375]—

The petitioners sought, inter alia, to reclassify their real property from class four commercial to class one residential for the tax years 2004/2005 through 2006/2007. The petitioners relied on a resolution passed by the Village of Freeport's Board of Trustees which conditionally rezoned the subject property from industrial to "Marine Apartment-Boatel, Condominium and Cooperative District" and included an additional prohibition of any commercial use of the property. The resolution, however, was conditioned, among other things, upon the execution and recording of a declaration of restrictions. The petitioners failed to submit evidence establishing that the declaration of restrictions was executed and recorded, and thus, failed to establish, prima facie, that it was entitled to the relief sought (*see Matter of Raritan Dev. Corp. v Silva*, 91 NY2d 98, 106 [1997]). Moreover, contrary to the petitioners' contention, there is an issue of fact as to whether the subject property was vacant as required for a class one designation under RPTL 1802 (1) (*see Matter of Richmond County Country Club v Tax Commn. of City of N.Y.*, 53 AD3d 661, 662 [2008]). Accordingly, the Supreme Court, upon reargument, properly adhered to its original determination denying that branch of the petitioners' motion which was, in effect, for summary judgment. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.