In the Matter of 194 MAIN, INC., Respondent, v BOARD OF ASSESSORS et al., Appellants. [936 NYS2d 700]—

The Supreme Court properly determined that the petitioner's property should be reclassified from class four to class one (*see* RPTL 1802 [1]). The subject property is situated in a residential zone, and the petitioner's application for a variance to use the property commercially was denied. Under these circumstances, the property should be taxed as class one vacant land (*see* RPTL 1802 [1] [e]; *Matter of Shore Dev. Partners v Board of Assessors*, 82 AD3d 988 [2011]), as it is not being put to use in a manner which is materially beneficial to the petitioner (*cf. Matter of Richmond County Country Club v Tax Commn. of City of N.Y.*, 53 AD3d 661, 663 [2008]). "The valuation of property is determined by its State as of the taxable date, and may not be assessed on the basis of some future contemplated use" (*Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897 [1986]; *see Matter of Miriam Osborn Mem. Home Assn. v Assessor of City of Rye*, 275 AD2d 716, 717 [2000]). Since the petitioner established its prima facie entitlement to judgment as a matter of law on its separate petitions seeking reclassification of the subject property as class one for the 2007-2008, 2008-2009, and 2009-2010 tax years (*see Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]), and the appellants failed to raise a triable issue of fact in opposition thereto (*id.*), the Supreme Court properly granted the petitioner's motions for summary judgment on the petitions. Rivera, J.P., Leventhal, Roman and Sgroi, JJ., concur.