■ In the Matter of JOY BUILDERS, INC., Appellant, v CATHY CONKLIN et al., Respondents. [946 NYS2d 497]—

In a proceeding pursuant to RPTL article 7 to review the tax assessment of the petitioner's real property for tax year 2011, the petitioner appeals from an amended order of the Supreme Court, Rockland County (Garvey, J.), dated December 15, 2011, which denied its motion for summary judgment on the petition, searched the record, and awarded summary judgment to Cathy Conklin, as Assessor of the Town of Clarkstown, and the Board of Assessment Review for the Town of Clarkstown dismissing the petition.

Ordered that the amended order is affirmed, with costs.

The taxable status of real property "shall be determined annually according to its condition and ownership" as it exists on the relevant taxable status date (RPTL 302 [1]; *see Matter of Seidel v Board of Assessors, County of Nassau*, 88 AD3d 369, 375 [2011]; *Matter of Ross v Town of Santa Clara*, 266 AD2d 678, 680-681 [1999]; *Matter of Alexander's Dept. Store of Val. Stream v Board of Assessors*, 227 AD2d 549 [1996]). The assessed value of the property may not be based upon " 'some future contemplated use' " (*Matter of 194 Main, Inc. v Board of Assessors*, 91 AD3d 876, 877 [2012], quoting *Matter of General Elec. Co. v Macejka*, 117 AD2d 896, 897 [1986]; *see Matter of Seidel v Board of Assessors, County of Nassau*, 88 AD3d at 375; *Matter of Ross v Town of Santa Clara*, 266 AD2d at 680-681). Furthermore, there is a presumption that the tax assessment is valid (*see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 188 [1998]; *Matter of Al Turi Landfill, Inc. v Town of Goshen*, 93 AD3d 786, 791 [2012]), and the burden is on the petitioner to establish, by substantial evidence, that the property was overvalued (*see Matter of Barnum v Srogi*, 54 NY2d 896, 899 [1981]; *Matter of Alexander's Dept. Store of Val. Stream v Board of Assessors*, 227 AD2d at 550; *Matter of Cohen & Breslin Realty v Board of Assessors*, 200 AD2d 744 [1994]).

Here, the record demonstrates, as a matter of law, that the petitioner cannot establish, by substantial evidence, that the property in question, known as Lot 55, was overvalued. The recorded documents relied upon by the petitioner to show that the property was burdened by encumbrances speak only to lots designated as Lot 55.1 and Lot 55.2, which were not in existence on the taxable status date of March 1, 2011. The petitioner did not submit any other evidence sufficient to demonstrate that the condition of Lot 55 was altered so that its value decreased over the several years leading up to March 1, 2011. Accordingly, the Supreme Court properly denied the petitioner's motion for summary judgment on the petition, and properly

searched the record and awarded summary judgment to the respondents dismissing the petition (*see* CPLR 3212 [b]; *Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430 [1996]). Skelos, J.P., Balkin, Leventhal and Roman, JJ., concur.