Bernard S. Meyer, J.
This motion to confirm the report of the Referee in .surplus money proceedings raises issues concerning (1) the rate of interest to be paid to the holder of a second mortgage, which is conceded to be entitled to priority in payment over the other objectants, (2) the priority between the purchaser at an execution sale held August 12, 1968 pursuant ■to judgment entered December 5, 1967 and the Industrial Commissioner of the State of New York whose tax warrant was docketed March 4, 1968 but who was not included in the list furnished to the Sheriff pursuant to CPLR 5236 (subd. [c]) and who received no notice of sale, (3) the fees and disbursements of the referee.
Clearly the second mortgage holder is entitled to the interest called for by the obligation secured by mortgage notwithstanding that the surplus money earns a lesser rate while on deposit with the County Treasurer (see Copp v. Sands Point Marina, 17 N Y 2d 291). Clearly also, there having been no appeal from the order appointing the Referee, and he having acted pursuant to that order, he is entitled to his proper disbursements and a fee for his services predicated upon the time, labor and skill required, not disproportionate to the amount involved in the proceeding. Not so clear is the solution to the priority question, but for the reasons stated below, the court concludes that the purchaser’s title is free of the lein of the Commissioner’s warrant. Judgment will, therefore, be entered confirming the Referee’s report and directing distribution, after payment of $1,096 to the Referee and of any charges due the County Treasurer, accordingly.
The Industrial Commissioner is entitled to no .superpriority, his docketed warrant simply becoming a lien upon real estate “ in the same manner as a judgment duly docketed” (Labor Law, § 573, subd. 2). Under CPLR 5203 (subd. [a]), a docketed judgment is subject to: “ 1. a transfer * * * in satisfaction either of a judgment previously so docketed or of a judgment *695 where a notice of levy pursuant to an execution thereon was previously so filed; or * * * 3. a transfer to a purchaser for value at a judicial sale, which shall include an execution sale”. Execution having been levied by a judgment creditor senior to the State, and the mortgagor’s equity in the property transferred for value pursuant to the execution sale, the purchaser is entitled under the quoted provision to priority over the junior judgment creditor, unless the failure to give the latter notice of sale as required by CPLB 5236 (subd. [c]) changes the result.
While the latter subdivision directs that notice be given to “ every judgment creditor whose judgment was a lien on the real property to be sold ’ ’ under execution, its last .sentence expressly provides that “An omission to give any notice required by this * * * subdivision * * * does not affect the title of a purchaser without notice of the omission ”. The Commissioner argues that the purchaser had constructive notice because of the filing on May 23, 1968 of the lis pendens in this foreclosure proceeding, to which the Industrial Commissioner is a party defendant, that notice to him had been omitted. He argues further, from the wording of subdivision (e) of CPLB 5236, that an execution sale does not affect an unnotified judgment creditor’s lien upon the property. Neither argument withstands analysis.
The constructive notice argument fails because the overriding purpose of the last sentence of subdivision (c) being to protect the .purchaser, the phrase “notice of the omission ” must be read to mean actual notice, that is — knowledge (see 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5236.22). To hold otherwise would be to make the protection of the sentence largely illusory, for in almost every case a potential purchaser searching the record for a possible notice of pendency would, the unnotified judgment creditor’s lien being of record, have notice of such an omission. If, however, it be assumed that a purchaser having constructive notice would be barred, the lis pendens in a foreclosure proceeding is not the constructive notice required. This is because (1) as its name implies, a notice of pendency is constructive notice that the foreclosure action is pending, not of an omission to give notice of sale in the execution proceeding, and (2) under CPLR 6501, the notice of pendency is only constructive notice “to a purchaser from or incumbrancer against, any defendant named in the notice of pendency ”. A purchaser at execution sale purchases from the Sheriff (CPLR 5236, subds. [a], [f]; CPLR 5237), not from the judgment debtor or the levying judgment creditor.
*696 The Commissioner derives no greater help from CPLR 5236 (subd. [e]). Though it provides that a notified judgment creditor who fails to deliver an execution to the Sheriff prior to sale shall have no further lien on the property, it does not follow that an unnotified creditor’s lien continues. To the contrary, the purpose of enactment of the subdivision was stated to the Legislature by the Judicial Conference (Eleventh Annual Report of N. Y. Judicial Conference, 1966, p. 366; see, also, Siegel, The Sale of Real Property Pursuant to an Execution under the CPLR, Tenth Annual Report of N. Y. Judicial Conference, 1965, pp. 120, 142) in the following language: “ It seems clear under present law (and it is made even clearer by the proposed new subdivision [e] of 5236) that the sale conveys the realty to the purchaser free of all judgment liens outstanding against the [judgment] debtor. CPLR 5203 (a) (3) so provides.” (Emphasis supplied.)
This does not mean that an unnotified judgment creditor is left without any means of collecting his judgment. If he can show that a substantial right of his has been prejudiced, he can seek to have the execution sale set aside at any time within one year after the sale (CPLR 2003, 5237); but a junior judgment creditor, such as the Commissioner, will probably have difficulty showing such prejudice (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5236.21). If he holds a judgment senior to that of the levying creditor, he can maintain an action against the latter to recover the proceeds of sale to the extent of his judgment (Siegel, op. cit. supra, passim; 6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5236.22). He also, whether senior or junior, retains as against the judgment debtor an interest in the proceeds of sale (CPLR 5236, subd. [e]). But the lien of his judgment, having been created by statute, is subject to the statutory limitation in favor of an execution sale purchaser declared in the last sentence of CPLR 5236 (subd. [c]), (6 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5236.22). Since that limitation operates in favor of every purchaser except one with actual notice of the omission to give notice of sale to a judgment creditor, and since there is no evidence that the purchaser herein had actual notice that the Commissioner was not given notice of sale, it follows that the Referee’s report must be confirmed.