■ F. W. Woolworth Co., Respondent-Appellant, v Robert Z. Srogi, as Commissioner of Assessment of the City of Syracuse for the Years 1977, 1978 and 1979, Appellant-Respondent. Rite Aid of New York, Inc., Respondent, v Robert Z. Srogi, as Commissioner of Assessment of the City of Syracuse for the Year 1980, Appellant. — Order and judgment unanimously affirmed, with costs to petitioner. Memorandum: In these tax review proceedings, respondent Srogi appeals and petitioner F. W. Woolworth Co. cross-appeals from an order and judgment reducing assessments for tax years 1977 through 1980 on improved property at 301 South Salina Street in the City of Syracuse. At issue is the referee's finding, confirmed by the court, that the full market value of the property for each of the years in question was $602,450. We find no merit to either appeal. The subject property is a three-story metal and masonry structure, with basement, which covers the entire lot. The referee determined that the property should be valued at $5 per square foot of ground floor space. Respondent argues that in computing value of the first floor area only, the referee erroneously disregarded the value of the basement, second and third floors. The record does not support the argument. Petitioner's appraiser ascertained value by the capitalization of income method, utilizing rentals of comparable multistory retail store buildings. He calculated the rental per square foot of total area of each comparable, but also translated the total rent of each comparable into rent per square foot of ground floor space. In each sample, the rent per square foot of total building space was, of course, appreciably lower than the sample's rent per square foot of ground floor space. In all of petitioner's appraiser's comparables, save one, the rent thus assigned to ground floor space was less than $5 per square foot. The referee followed the petitioner's appraiser's technique of ascribing total building rents to the square footage of the ground floor and found the economic rent to be $5 per square foot for 14.124 square feet of ground floor area. Nor is there any merit to respondent's argument that the actual rent of $11.24 per square foot provided for in a lease in October, 1980 of 25% of the ground floor space to Rennoc Retail *Ltd.* should be determinative of the subject's value per square foot. While actual rent is the best guide to fair market rental value (see *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538), the actual rent under this lease is not determinative. It is a rental for but one year, coupled with renewal options, and it covers a period of time not

involved in these proceedings. Petitioner's appraiser compared rentals under long-term leases, thus arriving at a truer indication of value. Respondent's final contention is that the referee failed to state the facts upon which his ultimate finding of fair rental value was based (see Real Property Tax Law, § 720, subd 2). The referee stated that his finding was based on the "credible appraisal evidence". The appraisals for both parties were in evidence and the value found was less than that submitted by respondent's appraiser and more than that submitted by petitioner's appraiser. The appraisals supplied the facts, and since the value found was within the range of the expert testimony, it will not be disturbed (*City of Buffalo v Goldman,* 63 AD2d 828). For the same reason, we reject petitioner's argument on its cross appeal that the referee's determination of economic rent was erroneous. Lastly, petitioner argues on its cross appeal that the referee erred in refusing to accept as the subject's full market value the price of $470,000 at which this property was sold in 1979 by the First Presbyterian Society in the Village of Syracuse to Rite Aid of New York, Inc. While sales of comparable properties, and in particular, a prior sale of the subject parcel, are usually regarded as the truest indicators of value (see *Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau,* 45 NY2d 538, *supra; Plaza Hotel Assoc. v Wellington Assoc.,* 37 NY2d 273; *Guth Realty v Srogi,* 71 AD2d 457, affd 52 NY2d 496), the goal always is to find the full market value of the assessed parcel (*Matter of Merrick Holding Corp. v Board of Assessors of County of Nassau, supra*) and flexibility in choice and application of the method of valuation is permissible when it leads to the attainment of the goal (*G.R.F., Inc. v Board of Assessors of County of Nassau,* 41 NY2d 512). It is recognized that a selling price does not produce an accurate measure of value when anxiety to sell reaches the point of compulsion (see *Guth Realty v Srogi,* 71 AD2d 457, *supra*). Here, the referee found that the sale did not fall within the general rule relating to prior arm's length sales of the subject property and concluded that "it is not wholly determinative of, nor does it properly reflect the fair market value of the property." That conclusion is supported by the testimony of respondent's appraiser as to the unique nature of the seller, the circumstances of the seller's lease arrangement with petitioner, and the seller's desire to rid itself of the property. (Appeals from order and judgment of the Supreme Court, Onondaga County, Donovan, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Callahan, Denman, Boomer and Schnepp, JJ.