■ In the Matter of CHARLES W. PECK et al., Respondents, v DONALD C. CROSS, II, as Assessor of the Town of Bleecker, Appellant. (And a Related Proceeding.) — Appeals from two orders of the Supreme Court at Trial Term (Crangle, J.), entered April 26, 1983 in Fulton County, which granted petitioners' applications, in proceedings pursuant to article 7 of the Real Property Tax Law, to challenge assessments on their property in the Town of Bleecker for the years 1980 and 1981, and declared said assessments erroneous by reason of overvaluations. ¶ In these proceedings, petitioners seek review and reduction of alleged excessive assessments on certain of their property for the years 1980 and 1981. The property borders Peck Lake which is situated partly in the Town of Bleecker and partly in the Town of Johnstown in Fulton County. The use of the property is controlled by the Adirondack Park Agency because the land is in the Adirondack Park Project. The general layout divides the land into two main categories: (1) small lots referred to as "back lots", which have been subdivided into approximately 41 one-acre lots, and (2) 17 large parcels of undeveloped tracts of land ranging from 2 to 291 acres, many of which have waterfront on Peck Lake. While petitioners have no riparian rights, as such, in the water of the lake, they do have the exclusive right to use the waters for "fishing, boating and hunting" pursuant to a 999-year lease granted them by the predecessors in title of Niagara Mohawk Power Corporation, which now owns the lands under the lake. ¶ The testimony of value was supplied by respondent assessor and petitioners' real estate appraiser. Both used the market data approach method of valuation, but with significant differences. ¶ Petitioners' appraiser viewed the land as a single parcel whose highest and best use was wild forest land. He believed that the right to use the waters of the lake required petitioners' express permission, which could be, and on one occasion was, withheld, and that this control, plus the control exercised by the Adirondack Park Agency of the uses to which the land could be put, depressed its value. ¶ On the other hand, respondent considered the entire parcel as one entity whose highest and best use was for recreational purposes. He appraised all lots, including the "back lots", as having lake rights, since all that was required therefor was petitioners' permission. Respondent further urged that

six of the comparable sales relied on by petitioners' appraiser should not have been considered by the trial court. This contention stems, however, merely from respondent's disagreement with petitioners' appraiser considering the land as a single parcel for evaluation purposes. ¶ The trial court found that respondent erred in assuming that all of the property had automatic lake rights, but that he was correct in not considering the conceptual plan submitted to the Adirondack Park Agency as binding, inasmuch as the plan could be changed and petitioners were not required to develop their land in accordance with it. In this regard, the trial court found that another plan could be submitted and approved "which would provide for the sale of lots for residential use on a 'cluster' basis utilizing a common access to the shore of the lake". As to the comparable sales, petitioners' appraiser did make the requisite adjustment for the differences between the comparable sales and the subject property (*Matter of Peck v Obenhoff*, 84 AD2d 633). However, it does not appear that they played a major role in the trial court's determination. In fact, the trial court's assessments were quite close to those proposed by respondent, as compared to those of petitioners' appraiser. Although not shown to be completely erroneous, petitioners did demonstrate that the assessments were excessive to some degree, and sufficient evidence was presented to support the value found by the trial court. Such value being within the range of the testimony and not being based upon an erroneous theory of law, the determination of the trial court should be upheld (*Woolworth Co. v Srogi*, 92 AD2d 736, 737) and the orders appealed from should be affirmed. ¶ Orders affirmed, with costs. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.