■ In the Matter of Duncan O'Dwyer et al., Respondents, v Stephen Robson, as Assessor of Town of Mendon, et al., Appellants. — Order and judgment unanimously affirmed, with costs. Memorandum: In this proceeding under article 7 of the Real Property Tax Law, respondents appeal from a judgment and order which confirmed the referee's report and which reduced the assessed valuation of petitioners' home in the Town of Mendon for the year 1981 from $173,800 to $150,800. The Town of Mendon employs the full market value method of assessment. ¶ The appraisers for both parties utilized the market data approach to value. Among the comparables submitted by both appraisers, one was the same sale and was in the opinion of the referee the best indicator of the value of petitioners' property. We agree. The sale price of this comparable was $157,000. Adjustments made by respondents' appraiser netted out to zero, and in respondents' appraiser's opinion the indicated value for the subject was $157,000. Petitioners' appraiser made downward adjustments to this sale and concluded that the value of the subject was $138,200. After making adjustments, the referee found the value to be $150,720. This finding is supported by substantial evidence, is well within the range of the expert testimony and will not be disturbed upon appeal (*Woolworth Co. v Srogi*, 92 AD2d 736). ¶ Respondents also contend that the court erred in approving a fee to the referee in the sum of $1,720, computed at the rate of $100 per hour. Since petitioners are entitled to costs under subdivision 1 of section 722 of the Real Property Tax Law, the court ordered that the referee's fee be included in petitioners' costs and disbursements. ¶ Respondents argue that since the order appointing the referee was silent as to fees (see CPLR 4321), he is entitled only to the statutory fee of $50 per day (CPLR 8003, subd [a]). In the circumstances presented, we disagree. ¶ The order appointing the referee to take evidence and to report findings of fact and conclusions of law to the court was entered upon consent of the parties. While the order should have stated "the basis and method of computing the referee's fees" and should have provided "for their payment" (CPLR 4321), it is inconceivable that the parties would have intended that the referee, who is a practicing attorney, would conduct the equivalent of a full-scale trial at the rate of $50 per day (see *Rosen Trust v Rosen*, 53 AD2d 342, 366, affd 43 NY2d 693). Additionally, the statute which sets the statutory rate also authorizes the court to fix "a different compensation" and does not require that it be established before the referred matter is heard (CPLR 8003, subd [a]; *First Fed. Sav. & Loan Assn. v McKee*, 61 Misc 2d 693). ¶ The other issues raised by respondents have been considered and none require a reversal. (Appeal from order and judgment of Supreme Court, Monroe County, Tillman, J. — Real Property Tax Law, art 7.) Present — Dillon, P. J., Hancock, Jr., Callahan, Denman and Moule, JJ.