■ In the Matter of UNIVERSAL PACKAGING, INC., Appellant, v ASSESSOR OF THE CITY OF SARATOGA SPRINGS et al., Respondents. (And Three Other Related Proceedings.) [686 NYS2d 241] —Mercure, J. P. Appeals from an order and amended order of the Supreme Court (Lomanto, J.), entered March 19, 1998 and April 1, 1998 in Saratoga County, which partially granted petitioner's applications, in four proceedings pursuant to RPTL article 7, to reduce the assessments of petitioner's real property for the tax years 1994 to 1997.

Petitioner owns a 221,923-square-foot manufacturing facility on a 39.39-acre parcel of land within an industrial park in the City of Saratoga Springs, Saratoga County. Petitioner brought the instant proceedings to challenge the tax assessment on the property for the 1994, 1995, 1996 and 1997 tax years which, after adjusting for the applicable equalization rate, reflected a fair market value of slightly in excess of $8 million for each of those tax years. At a consolidated trial, petitioner's appraiser testified concerning his valuation of the property at $2.91 million for 1994, $2.95 million for 1995, $2.99 million for 1996 and $3.03 million for 1997. Respondents' appraiser valued the property at $8 million for each of the four years. Supreme Court wholly rejected the analysis of petitioner's appraiser concerning his comparable sales, cost and income approaches to valuation and adopted the $8 million valuation of the property that respondents' appraiser reached by means of the comparable sales method. Petitioner appeals.

We affirm. Fundamentally, in a tax certiorari case, we may not set aside a finding of value made by Supreme Court " 'unless such finding is based upon erroneous theory of law or erroneous ruling in the admission or exclusion of evidence, or *unless it appears that the court * * * has failed to give to conflicting evidence the relative weight which it should have* and thus has arrived at a value which is excessive or inadequate' " (*People ex rel. MacCracken v Miller*, 291 NY 55, 61 [emphasis in original]; *see, Matter of Peck v Cross*, 100 AD2d 698, 699; *Woolworth Co. v Srogi*, 92 AD2d 736, 737). Because we conclude that Supreme Court's finding of value is supported by substantial evidence and is well within the range of the expert testimony, we are not inclined to disturb it (*see, Matter of O'Dwyer v Robson*, 103 AD2d 1036).

Initially, in the absence of any recent actual arm's length sale of the property (*see, Matter of Allied Corp. v Town of Camillus*, 80 NY2d 351, 356) or sufficient local data upon which to base an income approach, Supreme Court did not err in its reliance upon the comparable sales approach to valuation (*see, id.*, at 356). Further, on this record, we cannot fault Supreme Court's resolution of the conflicting valuation evidence in favor of respondents.

Petitioner's appraiser had little knowledge of the Saratoga County market and the great majority of his purportedly comparable sales were from other parts of the State, including sites in Fulton, Oneida, Onondaga and Erie Counties. Even more significant, petitioner's appraiser appeared to have little knowledge of the economic or market conditions that prevailed in those areas and gave absolutely no consideration to market differentials between Saratoga County and those distant sites. Further, many of the adjustments he made, which were limited to the date of the sale, the age of the buildings, gross building area, miles to the nearest interchange expressway, the ratio of land-to-building area, ceiling height and wall material, were overly simplistic, thereby restricting their usefulness and, in fact, evidencing the appraiser's lack of familiarity with the properties.

In contrast, respondents' appraiser was intimately acquainted with the local real estate market and with the comparables that he utilized. Three of the comparables were located in the very same industrial park as the subject property and a fourth was located in the nearby Town of Clifton Park—all were located within the Capital District. In addition to most of the basic adjustments made by petitioner's appraiser, respondents' appraiser also gave consideration to location differences, the availability of utility services, access (both highway and rail) and exposure, the actual condition of the buildings, zoning and the topography of the site. Under the circumstances, we conclude that Supreme Court did not err in adopting respondents' appraisal report in its entirety (*see, Matter of Troy Realty Assocs. v Board of Assessors*, 227 AD2d 813, 815).

As a final matter, we conclude that petitioner's attacks on Supreme Court's written decision do not compel a contrary result. Notably, although Supreme Court's factual recitation misstated the size of petitioner's manufacturing facility (Supreme Court's figure appears to have included a 21,400-square-foot partial basement) and the total amount of street frontage and incorrectly described the improvement as a

"relatively new manufacturing facility" (significant portions of the facility were constructed as early as 1960), because of Supreme Court's adoption of the comparable sales valuation of respondents' appraiser (which was not so flawed), none of those errors entered into Supreme Court's ultimate valuation. Further, although inapt, the statement in Supreme Court's decision that petitioner "failed to meet its burden of proving overvaluation by substantial independent evidence" does not warrant a remittal for further findings. The fact that Supreme Court proceeded to value the property below (albeit marginally) the challenged assessments evidences Supreme Court's recognition that petitioner satisfied its threshold burden of overcoming the presumption of validity of the tax assessment with substantial evidence (*see, Matter of FMC Corp. v Unmack*, 92 NY2d 179, 187; Lee and Le Forestier, Review and Reduction of Real Property Assessments in New York § 5.38, at 314 [3d ed]). We therefore view Supreme Court's statement as nothing more than a proffered justification for its decision to weigh the evidence in favor of respondents (*compare, Matter of FMC Corp. v Unmack, supra*, at 188).

Petitioner's remaining contentions have been considered and found to be unavailing.

Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the order and amended order are affirmed, without costs.