■ In the Matter of JERRY W. MARKHAM et al., Appellants, v ALAN B. COMSTOCK as Assessor of Town of Jerusalem, et al., Respondents. (Appeal No. 1.) [833 NYS2d 781]—

Appeal from an order and judgment (one paper) of the Supreme Court, Yates County (W. Patrick Falvey, A.J.), entered August 21, 2006. The order and judgment dismissed the petitions.

It is hereby ordered that the order and judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioners commenced these consolidated proceedings pursuant to RPTL article 7 to challenge the assessments on their residential property for the 2004 and 2005 tax years. In appeal No. 1, petitioners appeal from an order and judgment dismissing the petition for the 2004 tax year on the merits following a hearing, and dismissing the second petition based on the ruling at the outset of the hearing that petitioners' appraisal report for 2005 was inadmissible in view of the appraiser's failure to utilize the correct taxable status date for that tax year. In appeal No. 2, petitioners appeal from an order denying their posthearing motion to reopen the record to accept a soil analysis report.

We conclude in appeal No. 1 that Supreme Court properly dismissed the petitions. Petitioners failed to meet their burden of establishing by a preponderance of the evidence that the assessments for the tax years at issue were excessive (*see Matter of Rosewood Prop. Co. v Board of Assessment Review for Town of Hamburg*, 309 AD2d 1163 [2003], *lv denied* 2 NY3d 704 [2004]). The court's ultimate finding concerning the value of the property is within the range of the expert testimony and supported by substantial evidence, and the court adequately explained the basis for its ultimate finding (*see Matter of Universal Packaging v Assessor of City of Saratoga Springs*, 259 AD2d 875 [1999]; *Matter of Alexander's Dept. Store of Val. Stream v Board of Assessors*, 227 AD2d 549, 551 [1996]; *Matter of Krebs v Board of Assessors*, 225 AD2d 625 [1996]; *Matter of O'Dwyer v Robson*, 103 AD2d 1036 [1984]).

We further conclude in appeal No. 1 that the court properly excluded the appraisal evidence with respect to the 2005 tax year based on the appraiser's use of the incorrect taxable status date (*see* RPTL 301, as amended by L 2004, ch 733, § 1; 302 [1]; *Matter of SKM Enters. v Town of Monroe*, 2 Misc 3d 1004[A], 2004 NY Slip Op 50138[U], *3-4; *see also Matter of Northville Indus. Corp. v Board of Assessors of Town of Riverhead*, 143 AD2d 135, 136 [1988]). We have considered petitioners' remaining contention in appeal No. 1 and conclude that it is without merit.

Finally, we conclude with respect to appeal No. 2 that the court did not abuse its discretion in denying petitioners' posthearing motion to reopen the record. Although a court has discretion to grant leave to reopen a matter to allow additional proof (*see Kay Found. v S & F Towing Serv. of Staten Is., Inc.*,

31 AD3d 499, 501 [2006]; *Matter of Dutchess County Dept. of Social Servs. v Shirley U.*, 266 AD2d 459, 460 [1999]), that discretion should be exercised sparingly (*see Kay Found.*, 31 AD3d at 501; *Lindenman v Kreitzer*, 7 AD3d 30, 33 [2004]; *King v Burkowski*, 155 AD2d 285, 286 [1989]). Here, the motion was made belatedly (*see Noga v Noga*, 235 AD2d 1002 [1997]; *Shapiro v Shapiro*, 151 AD2d 559, 560-561 [1989]), and "[t]his is not an instance in which a party [sought] 'to reopen and supply defects in evidence which have inadvertently occurred' " (*Matter of Radisson Community Assn., Inc. v Long*, 28 AD3d 88, 91 [2006], quoting *Dutchess County Dept. of Social Servs.*, 266 AD2d at 460). Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.