# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**57**

**CAF 10-01814**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF PATRICIA ORZECH,
PETITIONER-APPELLANT,

V                                                    MEMORANDUM AND ORDER

GARY A. NIKIEL, RESPONDENT-RESPONDENT.
----------------------------------------
IN THE MATTER OF GARY A. NIKIEL,
PETITIONER-RESPONDENT,

V

PATRICIA ORZECH, RESPONDENT-APPELLANT.
(APPEAL NO. 1.)

---

KUSTELL LAW GROUP, LLP, BUFFALO (CARL B. KUSTELL OF COUNSEL), FOR
PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

MCCREADY & TODARO, BUFFALO (MAUREEN A. MCCREADY OF COUNSEL), FOR
RESPONDENT-RESPONDENT AND PETITIONER-RESPONDENT.

FRANCINE E. MODICA, ATTORNEY FOR THE CHILD, TONAWANDA, FOR HANNAH G.N.

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, A.J.), entered August 13, 2010 in a proceeding pursuant to Family Court Act article 6.  The order, inter alia, awarded sole custody of the parties' child to Gary A. Nikiel.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Petitioner-respondent (hereafter, mother) appeals from the order in appeal No. 1 denying her petition for sole custody and granting the cross petition of respondent-petitioner (hereafter, father) for sole custody of the parties' child.  With respect to appeal No. 1, Family Court properly concluded that there was " 'a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody order should be modified' " (*Matter of Hughes v Davis*, 68 AD3d 1674, 1675).  Pursuant to a prior order incorporating a stipulated custody and access agreement, the mother's residence was designated as the child's primary residence, and neither parent had primary physical custody. Notably, however, "the deterioration of the parties' relationship and their inability to coparent render[ed] the existing joint custody

arrangement unworkable" (*Matter of York v Zullich*, 89 AD3d 1447, 1448; *see Matter of Ingersoll v Platt*, 72 AD3d 1560, 1561; *Matter of Francisco v Francisco*, 298 AD2d 925, *lv denied* 99 NY2d 504).  Here, the record, which included the testimony of three psychologists, established that the mother interfered with the father's relationship with the child by, inter alia, omitting the father's name and contact information on school enrollment forms, changing the child's pediatrician and dentist without consulting or informing the father, permitting her husband to take the child to an activity that was specifically intended to be included in the father's time with the child, and denying access to the father so that the child could attend her paternal grandfather's birthday celebration.  The expert testimony uniformly supports the court's conclusion that the mother engaged in a pattern of behavior to exclude the father from the child's life.  "It is well settled . . . that [a] concerted effort by one parent to interfere with the other parent's contact with the child is so inimical to the best interests of the child . . . as to, per se, raise a strong probability that [the interfering parent] is unfit to act as custodial parent" (*Matter of Marino v Marino*, 90 AD3d 1694, ___ [internal quotation marks omitted]; *see Matter of Howden v Keeler*, 85 AD3d 1561; *Matter of Amanda B. v Anthony B.*, 13 AD3d 1126, 1127).

We further conclude that, contrary to the mother's contention, there is a sound and substantial basis in the record for the court's determination that an award of sole custody to the father is in the best interests of the child (*see generally Matter of Deborah E.C. v Shawn K.*, 63 AD3d 1724, 1725, *lv denied* 13 NY3d 710; *Matter of Jeremy J.A. v Carley A.*, 48 AD3d 1035).  Here, there is ample support in the record for the court's conclusion that, as between the two parents, the father is less likely than the mother to interfere with the other parent's relationship with the child.

We dismiss the appeal from the order in appeal No. 2.  That order denied the mother's motion to reopen the proof at the custody hearing and thus is subsumed in the final custody order in appeal No. 1 (*see* CPLR 5501 [a] [1]).  On the merits, we reject the mother's contention that the court abused its discretion in denying her motion to reopen the proof at the custody hearing (*see generally Matter of Markham v Comstock*, 38 AD3d 1262, 1263-1264).  Finally, we reject the mother's contention that the court abused its discretion in denying her motion for an award of attorney's fees (*see generally McCarthy v McCarthy*, 172 AD2d 1040).

Entered:  January 31, 2012                          Frances E. Cafarell
                                                    Clerk of the Court