■ In the Matter of ANTONIO BOFFA, SR., Respondent, v AS-SESSOR AND BOARD OF ASSESSMENT REVIEW OF THE CITY OF MIDDLETOWN et al., Appellants. [63 NYS3d 451]—

In a proceeding pursuant to Real Property Tax Law article 7 to review real property tax assessments for the tax year 2012, the appeal is from a judgment of the Supreme Court, Orange County (Bartlett, J.), dated July 8, 2015, which, upon a decision of the same court dated April 30, 2015, as amended July 8, 2015, made after an nonjury trial, granted the petition to reduce the tax assessments for the tax year 2012 and directed that the assessment rolls be corrected and any overpayment be refunded.

Ordered that the judgment is reversed, on the law and the facts, with costs, the petition is denied, and the proceeding is dismissed.

"[A] property valuation by the tax assessor is presumptively valid . . . . However, when a petitioner challenging the assessment comes forward with 'substantial evidence' to the contrary, the presumption disappears" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d 179, 187 [1998] [citations omitted], quoting *People ex rel. Wallington Apts. v Miller*, 288 NY 31, 33 [1942]). At that point, "a court must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188; *see Matter of City of Troy v Town of Pittstown*, 306 AD2d 718, 720 [2003]). Should the trial court find an overvaluation, this Court must then review that finding "to determine whether it is supported by or against the weight of the evidence" (*Matter of Gibson v Gleason*, 20 AD3d 623, 626 [2005]).

"In the context of tax assessment cases, the 'substantial evidence' standard merely requires that petitioner demonstrate the existence of a valid and credible dispute regarding valuation" (*Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack*, 92 NY2d at 188), which will most often be accomplished by submission of " 'a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser' " (*Matter of Gibson v Gleason*, 20 AD3d at 625, quoting *Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes*, 92 NY2d 192, 196 [1998]; *see Matter of Gran Dev., LLC v Town of Davenport Bd. of Assessors*, 124 AD3d 1042, 1044 [2015]; *Matter of Friar Tuck Inn of Catskills v Town of Catskill*, 2 AD3d 1089, 1090 [2003]).

Here, the petitioner failed to overcome the presumption of validity of the subject tax assessments. It is undisputed that the correct valuation date was July 1, 2011 (*see* RPTL 302 [1]), but the petitioner's expert appraiser utilized a valuation date of July 1, 2012. An appraisal may be stricken for the use of an incorrect valuation date (*see* RPTL 302 [1]; *Matter of Markham v Comstock*, 38 AD3d 1262 [2007]). "Deficiencies in an appraisal report may be cured by the expert's trial testimony" (*Matter of Gibson v Gleason*, 20 AD3d at 625). The use of an incorrect valuation date may be excused where the expert appraiser testifies that his or her report would not have differed if he or she had used the correct valuation date, research contained in

the expert's appraisal report demonstrates that comparable sales had remained steady for several years before and after the valuation date, and the deviation in valuation dates is minor (*see Matter of Eckerd Corp. v Burin,* 83 AD3d 1239 [2011]).

Here, however, the report of the petitioner's expert appraiser did not contain research demonstrating that comparable sales had remained steady for several years before and after the valuation date, and the deviation in valuation dates was not minor. Therefore, the petitioner's appraisal report should have been rejected. Accordingly, the petitioner failed to demonstrate the existence of a valid and credible dispute regarding valuation, and the Supreme Court should have denied the petition to review the subject tax assessments and dismissed the proceeding.

The appellants' remaining contentions regarding alleged deficiencies in the petitioner's appraisal report have been rendered academic in light of our determination. Chambers, J.P., Miller, Barros and Connolly, JJ., concur.