Matter of Gibbardo v Ramos (2019 NY Slip Op 01019)





Matter of Gibbardo v Ramos


2019 NY Slip Op 01019


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.


180 CAF 16-02184

[*1]IN THE MATTER OF PATRICK J. GIBBARDO, PETITIONER-RESPONDENT-APPELLANT,
v
LATASHA L. RAMOS, RESPONDENT-PETITIONER-RESPONDENT. 






SUSAN LARAGY, ROCHESTER, FOR PETITIONER-RESPONDENT-APPELLANT. 


 Appeal from an order of the Family Court, Monroe County (Dandrea L. Ruhlmann, J.), entered October 25, 2016 in a proceeding pursuant to Family Court Act article 6. The order, among other things, modified an order of custody. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent father appeals from an order that, inter alia, modified a prior order of custody and visitation by reducing his visitation with his son. Contrary to the father's contention that respondent-petitioner mother failed to demonstrate a sufficient change in circumstances warranting a review of the existing custody arrangement, "a change in circumstances exists where, as here, the parents' relationship becomes so strained and acrimonious that communication between them is impossible" (Matter of Murphy v Wells, 103 AD3d 1092, 1093 [4th Dept 2013], lv denied 21 NY3d 854 [2013]; see Matter of Ladd v Krupp, 136 AD3d 1391, 1392 [4th Dept 2016]). Contrary to the father's next contention, Family Court did not abuse its discretion in reducing his visitation. It is well settled that "a court's determination regarding . . . visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record, i.e., is not supported by a sound and substantial basis in the record" (Matter of Rulinsky v West, 107 AD3d 1507, 1509 [4th Dept 2013] [internal quotation marks omitted]; see Matter of Ordona v Cothern, 126 AD3d 1544, 1545 [4th Dept 2015]; Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]). Here, we conclude that there is a sound and substantial basis in the record to support the court's determination.
Contrary to the further contention of the father, the court did not abuse its discretion in denying his motion to reopen the proof after he left court early during the first day of the hearing and did not return for the completion of the hearing on the next adjourned date (see Matter of Jayden T. [Amy T.], 118 AD3d 1075, 1076 [3rd Dept 2014]; Matter of Orzech v Nikiel, 91 AD3d 1305, 1306 [4th Dept 2012]). This is "not an instance in which a party [sought] to reopen and supply defects in evidence which have inadvertently occurred' " (Matter of Radisson Community Assn., Inc. v Long, 28 AD3d 88, 91 [4th Dept 2006]; see Matter of Markham v Comstock, 38 AD3d 1262, 1263-1264 [4th Dept 2007]; cf. Matter of Dutchess County Dept. of Social Servs. v Shirley U., 266 AD2d 459, 460 [2d Dept 1999]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court