Matter of Trump Vil. Section 4, Inc. v Tax Commn. of the City of N.Y. (2022 NY Slip Op 03732)

Matter of Trump Vil. Section 4, Inc. v Tax Commn. of the City of N.Y.

2022 NY Slip Op 03732

Decided on June 8, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-11326
 (Index Nos. 400403/13, 404449/14, 406951/15, 406841/16, 403327/17)

[*1]In the Matter of Trump Village Section 4, Inc., appellant, 
v
Tax Commission of the City of New York, et al., respondents.

Starkpatch Legal, PLLC, Brooklyn, NY (Martha E. Stark and Allan J. Patricof of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Andrea M. Chan, Edan Burkett, and Daniel Joy of counsel), for respondents.

DECISION & ORDER
In related proceedings pursuant to Real Property Tax Law article 7 to review real property tax assessments for tax years 2013/2014 through 2017/2018, the petitioner appeals from a judgment of the Supreme Court, Kings County (Michael L. Pesce, J.), dated August 9, 2019. The judgment, after a nonjury trial, denied the petitions and dismissed the proceedings.
ORDERED that the judgment is affirmed, with costs.
The petitioner owns real property, improved by two identical 23-story, multi-family buildings under cooperative ownership, commonly known as Trump Village Section IV, Inc. The petitioner challenged the tax assessments on the property for the tax years 2013/2014 through 2017/2018. The petitioner commenced five proceedings pursuant to Real Property Tax Law article 7 seeking reduction of the assessments. A trial was held. The petitioner presented, inter alia, the testimony and appraisal report of appraiser Matthew Guzowski, while the respondents presented the testimony and appraisal report of appraiser Andrew Albro. Following the trial, in a judgment dated
August 9, 2019, the Supreme Court denied the petitions and dismissed the proceedings, finding that the petitioner failed to establish at trial by a preponderance of the evidence that the property was overvalued. The petitioner appeals.
The Supreme Court correctly found that Guzowski's appraisal report constituted substantial evidence of a valid and credible dispute as to the valuation of the property. Substantial evidence is a minimal threshold standard that simply requires that a petitioner demonstrate the existence of a valid and credible dispute regarding valuation (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 188), "which will most often be accomplished by submission of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser" (Matter of Boffa v Assessor and Bd. of Assessment Review of the City of Middletown, 154 AD3d 934, 935 [internal quotation marks omitted]; see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 196; Matter of Adirondack Mtn. Reserve v Board of Assessors of the Town of N. Hudson, 106 AD3d 1232, 1234). "If the taxpayer satisfies [*2]this threshold burden, the presumption disappears and the court 'must weigh the entire record, including evidence of claimed deficiencies in the assessment, to determine whether petitioner has established by a preponderance of the evidence that its property has been overvalued'" (Matter of Bd. of Managers of French Oaks Condominium v Town of Amherst, 23 NY3d 168, 175, quoting Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188). The court's decision, after weighing the proof presented at trial, should reflect the ultimate purpose of valuation, which "is to arrive at a fair and realistic value of the property involved so that all property owners contribute equitably to the public fisc" (Matter of Allied Corp. v Town of Camillus, 80 NY2d 351, 356; see Matter of NYCO Mins. v Town of Lewis, 296 AD2d 748, 749).
Here, the petitioner submitted an appraisal prepared by a qualified appraiser that satisfied the minimal threshold standard necessary to rebut the presumption of validity. We find no basis to disturb the Supreme Court's determination that the petitioner failed to establish by a preponderance of the evidence that the property was overvalued. Guzowski failed to properly account for or value, inter alia, certain income, subsidies, a contingency and collection allowance, and insurance expenses. Further, the capitalization rate determined by Guzowski was not arrived at using reliable rate sources. Thus, according deference to the court's resolution of credibility issues, we agree that the petitioner failed to establish by a preponderance of the evidence that the property had been overvalued.
The petitioner's remaining contentions are without merit.
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court