Matter of Traditional Links, LLC v Board of Assessors of the Town of Riverhead (2024 NY Slip Op 01014)

Matter of Traditional Links, LLC v Board of Assessors of the Town of Riverhead

2024 NY Slip Op 01014

Decided on February 28, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 28, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2019-08693
 (Index No. 20496/12)

[*1]In the Matter of Traditional Links, LLC, respondent,
v
Board of Assessors of the Town of Riverhead, appellant.

Scott DeSimone P.C., Peconic, NY, for appellant.
Herman Katz Cangemi Wilkes & Clyne, LLP, Melville, NY (Jay M. Herman, Robert S. Katz, Jacquelyn L. Mascetti, and Warren M. Dubitsky of counsel), for respondent.

DECISION & ORDER
In a consolidated proceeding pursuant to Real Property Tax Law article 7, inter alia, to review real property tax assessments for the tax years 2008/2009 through 2014/2015, the Board of Assessors of the Town of Riverhead appeals from a judgment of the Supreme Court, Suffolk County (John J. Leo, J.), dated March 22, 2019. The judgment, upon an undated decision of the same court, made after a nonjury trial, inter alia, granted the petitions to reduce the tax assessments for the tax years 2008/2009 through 2014/2015 and directed that the assessment rolls be corrected and any overpayments be refunded.
ORDERED that the judgment is affirmed, with costs.
In this consolidated tax certiorari proceeding, the subject property is a single tax parcel located in the Town of Riverhead, consisting of approximately 350 acres. The property was used only as a golf course with accessory structures, including, inter alia, a maintenance complex, a golf house, and a clubhouse. The property included approximately 58 acres of vacant land that tracked along the bluffs overlooking the Long Island Sound (hereinafter the excess land). Traditional Links, LLC (hereinafter the petitioner), which owned the property, never sought approval from the Town to subdivide the property or the excess land for residential or other use. For the tax years 2008/2009 through 2014/2015, the Board of Assessors of the Town of Riverhead (hereinafter the Board) determined that the fair market value of the property was between $27,406,133 and $36,944,995.
The petitioner commenced proceedings pursuant to Real Property Tax Law article 7, which were subsequently consolidated, seeking a reduction of the real property tax assessments of the property for the tax years 2008/2009 through 2014/2015. After a decision following a nonjury trial in 2015 was determined to be invalid, a nonjury retrial in the matter began in February 2018. During the first trial and the retrial, the petitioner presented, inter alia, the appraisal report and testimony of a golf course valuation expert who opined that the market value of the property as a single lot was between $9,200,000 and $10,700,000 for the tax years 2008/2009 through 2014/2015. Following the retrial, in a judgment dated March 22, 2019, the Supreme Court, inter alia, granted the petitions to reduce the tax assessments for the tax years 2008/2009 through 2014/2015 and directed [*2]that the assessment rolls be corrected and any overpayments be refunded. The Board appeals, contending that the petitioner did not rebut the presumption that the tax assessments were accurate.
In a tax certiorari proceeding challenging a property tax assessment, "a property valuation by the tax assessor is presumptively valid and thus obviates any necessity, on the part of the assessors, of going forward with proof of the correctness of their valuation" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 187 [citations and internal quotation marks omitted]; see Matter of Roth v City of Syracuse, 21 NY3d 411, 413). Once the "petitioner challenging the assessment comes forward with 'substantial evidence' to the contrary, the presumption disappears" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 187; see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d 192, 196).
Substantial evidence is a minimal threshold standard that simply requires that a petitioner demonstrate the existence of a valid and credible dispute regarding valuation (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 191; Matter of Trump Vil. Section 4, Inc. v Tax Commn. of the City of N.Y., 206 AD3d 746), "'which will most often be accomplished by submission of a detailed, competent appraisal based on standard, accepted appraisal techniques and prepared by a qualified appraiser'" (Matter of Trump Vil. Section 4, Inc. v Tax Commn. of the City of N.Y., 206 AD3d at 747, quoting Matter of Boffa v Assessor and Bd. of Assessment Review of the City of Middletown, 154 AD3d 934, 935; see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d at 196). "[I]n answering the question whether substantial evidence exists, a court should simply determine whether the documentary and testimonial evidence proffered by petitioner is based on sound theory and objective data rather than on mere wishful thinking" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188 [citation and internal quotation marks omitted]; see Matter of Niagara Mohawk Power Corp. v Assessor of Town of Geddes, 92 NY2d at 196). In determining whether the petitioner has satisfied its burden of overcoming the presumption that the assessor's tax assessment was accurate, "[t]he ultimate strength, credibility or persuasiveness of petitioner's arguments are not germane during this threshold inquiry" (Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d at 188). "Similarly, the weight to be given to either party's evidence is not a relevant consideration at this juncture" (id.).
Here, the Supreme Court properly determined that the petitioner came forward with substantial evidence to rebut the presumption of validity of the Board's valuation (see id. at 187). Contrary to the Board's contention, the expert report and testimony of the petitioner's appraiser was adequately supported by facts, figures, and calculations (see Matter of W.O.R.C. Realty Corp. v Board of Assessors, 100 AD3d 75, 88).
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court