Bobbo Prop. Mgt., Inc. v Faulkner (2025 NY Slip Op 00646)

Bobbo Prop. Mgt., Inc. v Faulkner

2025 NY Slip Op 00646

Decided on February 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-01449
 (Index No. 61102/13)

[*1]Bobbo Property Management, Inc., appellant,
v
David . Faulkner, respondent, et al., defendant.

Kujawski & Kujawski, Central Islip, NY (Jennifer A. Spellman of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated January 20, 2023. The judgment, upon an order of the same court dated January 22, 2018, among other things, granting the plaintiff's oral application for leave to enter a default judgment against the defendant David V. Faulkner, and upon a decision of the same court dated February 3, 2020, made after an inquest on the issue of damages, finding that the plaintiff failed to establish entitlement to damages, is in favor of the defendant David V. Faulkner and against the plaintiff dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, without costs or disbursements.
In May 2013, the plaintiff commenced this action against, among others, the defendant David V. Faulkner, the plaintiff's former attorney. The plaintiff alleged, inter alia, that Faulkner was retained to represent the plaintiff in tax certiorari proceedings pursuant to Article 7 of the Real Property Tax Law regarding assessments for the 2010/2011 and 2011/2012 tax years and that Faulkner failed to commence those proceedings within the applicable statute of limitations. In an order dated January 22, 2018, the Supreme Court granted the plaintiff's oral application to strike Faulkner's answer and for leave to enter a default judgment against him and set the matter for an inquest. After an inquest on the issue of damages, in a decision dated February 3, 2020, the court found that the plaintiff had failed to establish entitlement to damages. Subsequently, a judgment dated January 20, 2023, was entered in favor of Faulkner and against the plaintiff dismissing the complaint insofar as asserted against Faulkner. The plaintiff appeals.
At an inquest, the plaintiff bears the burden of setting forth a prima facie case as to damages (see Oparaji v 245-02 Merrick Blvd, LLC, 149 AD3d 1091, 1092; Vested Bus. Brokers, Ltd. v Ragone, 131 AD3d 1232, 1234-1235). In a legal malpractice action, "[w]here the injury suffered is the loss of a cause of action, the measure of damages is generally the value of the claim lost" (Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 42). In a tax certiorari proceeding challenging a property tax assessment, the petitioner is, at a minimum, required to demonstrate the existence of a valid and credible dispute regarding valuation (see Matter of FMC Corp. [Peroxygen Chems. Div.] v Unmack, 92 NY2d 179, 191; Matter of Traditional Links, LLC v Board of Assessors of the Town of Riverhead, 224 AD3d 911, 913), "'which will most often be accomplished by submission of a detailed, competent appraisal based on standard, accepted appraisal techniques and [*2]prepared by a qualified appraiser'" (Matter of Trump Vil. Section 4, Inc. v Tax Commn. of the City of N.Y., 206 AD3d 746, 747, quoting Matter of Boffa v Assessor and Bd. of Assessment Review of the City of Middletown, 154 AD3d 934, 935).
Here, the attorney who represented the plaintiff for the tax years 2009/2010 and 2012/2013 testified at the inquest that he had obtained gross refunds in the amount of $50,447.30 for the 2009/2010 tax year and in the amount of $48,354.36 for the 2012/2013 tax year. However, the plaintiff failed to submit any evidence relating to loss of gross refunds for the 2010/2011 and 2011/2012 tax years. Accordingly, the Supreme Court properly dismissed the complaint insofar as asserted against Faulkner.
The plaintiff's contentions regarding Faulkner's liability are not properly before this Court (see Gonzalez v Wu, 131 AD3d 1205, 1206).
IANNACCI, J.P., FORD, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court